**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:23-CV-23933-FAM**

**SUCESIÓN SIMON DIAZ MARQUEZ**,

      Plaintiff,

v.

**MIAMI FINE FOODS, LLC and AVI ASSOR**,

      Defendants.

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIM TO COMPLAINT**

    Defendants Miami Fine Foods, LLC and Avi Assor (collectively, "Defendants"), by and through undersigned counsel, hereby files their Answer, Affirmative Defenses, and Counterclaims to the Complaint (Doc. No. 1), filed by Plaintiff Sucesión Simon Diaz Marquez ("Plaintiff").

**Nature of the Action**

    1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny same.

    2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore deny same.

    3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore deny same.

    4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore deny same.

    5.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 5 of the Complaint and therefore deny same.

6.      Defendants admit that Plaintiff purports to set forth a cause of action for trademark infringement under Section 43(a) of the Lanham Act, false association, false designation of origin, trademark infringement under Section 495, Florida Statutes, and for other common law claims and causes of action. Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

### The Parties

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore deny same.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants admit that Mr. Assor is the President of Miami Fine Foods, LLC. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

### Jurisdiction and Venue

11.     Defendants admit the allegations in Paragraph 11 of the Complaint.

12.     Defendants admit that that the Court has personal jurisdiction over them, but deny the remaining allegations of Paragraph 12 of the Complaint.

13.     Defendants admit the allegations in Paragraph 13 of the Complaint.

### Facts Common to All Counts

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore deny same.

16.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 16 of the Complaint and therefore deny same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore deny same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore deny same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore deny same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore deny same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore deny same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore deny same.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore deny same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore deny same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore deny same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore deny same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore deny same.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore deny same.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore deny same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore deny same.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore deny same.

32.     Defendants admit the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that they have no connection to Plaintiff and do not require endorsement or consent to use or register Defendants' trademark.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore deny same.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants admit that that the goods of Application Serial No. 97/030,729 include certain traditional Venezuelan foods, but deny the remaining allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants admit that that the website located at tiosimonfoods.com includes the wording "irresistible products ready to share and enjoy the Venezuelan tradition," but deny the remaining allegations of Paragraph 44 of the Complaint.

45.     Defendants admit that a copy of Miami Fine Foods' logo design appears below Paragraph 45, but deny the remaining allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants admit that they operate in the state of Florida, but deny the remaining allegations of Paragraph 48 of the Complaint.

49.     Defendants admit that none of the goods offered by Defendant originate from Plaintiff and that they do not require authorization from Plaintiff.

50.     Defendants admit they are not using any purported right of publicity or persona rights allegedly held by Plaintiff.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint and therefore deny same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and therefore deny same.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore deny same.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny that they are engaged in any infringing and unlawful activity.

## FIRST CAUSE OF ACTION
### (Trademark Infringement Under Common Law)

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

## SECOND CAUSE OF ACTION
### (Infringement of Unregistered Marks Pursuant to Section 43(a)(1)(A) of the Lanham Act)

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

## THIRD CAUSE OF ACTION
### (False Association Pursuant to Section 43(a) of the Lanham Act)

75.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 75 of the Complaint and therefore deny same.

76.     Defendants admit that the wording TIO SIMON is identical in appearance.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Deceptive and Unfair Trade Practices Act Pursuant to Fla. Stat. 501.201)

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Fraud)

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants admit the allegations in Paragraph 94 of the Complaint.

95.     Defendants admit the allegations in Paragraph 95 of the Complaint.

96.     Defendants admit the allegations in Paragraph 96 of the Complaint.

97.     Defendants admit the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint and therefore deny same.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Right of Publicity Pursuant to Fla. Stat. Ann. 540.08)

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants admit that the wording TIO SIMON is identical in appearance.

112.    Defendants admit that they do not require authorization or consent to use Defendants' trademark.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants admit that they do not require authorization or consent to use

Defendants' trademark.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Right of Publicity Under Florida Common Law)

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants admit that the wording TIO SIMON is identical in appearance.

119.    Defendants admit that they do not require authorization or consent to use Defendants' trademark.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants admit that they do not require authorization or consent to use Defendants' trademark.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations in Paragraph 123 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (False Endorsement Pursuant to 15 U.S.C. 1125(a))

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Complaint and therefore deny same.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint.

## NINTH CAUSE OF ACTION
### (Unfair Competition Pursuant to 15 U.S.C. 1125(a))

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

## TENTH CAUSE OF ACTION
### (Unfair Competition Under Florida Common Law)

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

## ELEVENTH CAUSE OF ACTION
### (Unfair Competition Under Florida Common Law)

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Complaint.

## TWELFTH CAUSE OF ACTION
### (Trademark Dilution Pursuant to Fla. Stat. Ann. 495.151)

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Complaint and therefore deny same.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
### (False Suggestion of a Connection Pursuant to 15 U.S.C. 1052)

157.    Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants admit that the wording TIO SIMON is identical in appearance.

160.    Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants admit that that the goods of Application Serial No. 97/030,729 include certain traditional Venezuelan foods, but deny the remaining allegations of Paragraph 162 of the Complaint.

163.    Defendants admit that that the website located at tiosimonfoods.com includes the wording "irresistible products ready to share and enjoy the Venezuelan tradition," but deny the remaining allegations of Paragraph 163 of the Complaint.

164.    Defendants admit that they do not require authorization from Plaintiff to use their

trademark. Defendants deny the remaining allegations of Paragraph 164 of the Complaint.

165.    Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations in Paragraph 174 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment in its favor on all claims alleged in the Complaint, find that this is an exceptional case, pursuant to 15 U.S.C. § 1117(a), entitling Defendants to reimbursement of their reasonable attorney fees and costs, and grant Defendants such further relief as the Court deems appropriate.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendants deny that they are liable to Plaintiff on any of the claims alleged and deny that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### First Affirmative Defense

As a first, separate and distinct affirmative defense, Defendants assert that the Complaint,

on one more counts as set forth therein, is barred as Plaintiff has failed to properly plead the proper elements upon which relief can be granted.

## Second Affirmative Defense

As a second, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred because Plaintiff does not have any protectable rights in the phrase "TIO SIMON" and therefore cannot state a claim upon which relief can be granted.

## Third Affirmative Defense

As a third, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred because Plaintiff lacks priority to the phrase "TIO SIMON" in the United States.

## Fourth Affirmative Defense

As a fourth, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred by laches because Plaintiff had prior knowledge of Defendants' use of the mark TIO SIMON and failed to object to this usage and unreasonably delayed in bringing suit.

## Fifth Affirmative Defense

As a sixth, separate and distinct affirmative defense, Defendants assert asserts that the Complaint, on one more counts as set forth therein, is barred by estoppel because Plaintiff's delay in bringing suit against Defendants caused and is causing prejudice to Defendants.

## Sixth Affirmative Defense

As a seventh, separate and distinct affirmative defense, Defendants assert that the Complaint, on one more counts as set forth therein, is barred by acquiescence because Miami Fine

Foods has openly used the mark TIO SIMON since at least as early as 2016 without objection from Plaintiff. Specifically, Plaintiff contacted Defendants in or about 2018 and then again in January 2022, requesting that Defendants cease use of the TIO SIMON mark. After Defendants declined to do so, Plaintiff took no further action until sending Defendants correspondence in March 2022. Defendants relied on Plaintiff's silence for years and continued to use the trademark at issue, built its business and goodwill in the mark and, during that time, Plaintiff never objected

### Seventh Affirmative Defense

As a seventh, separate and distinct affirmative defense, Defendants assert that that even assuming infringement, unfair competition or any other allegedly improper activity is proven by Plaintiff, which Defendants expressly deny, Plaintiff cannot establish that it has suffered or will suffer damages.

### Eighth Affirmative Defense

As an eighth, separate and distinct affirmative defense, Defendants assert, without admitting that the Complaint states a claim, that any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants for any alleged single wrong.

### <u>COUNTERCLAIM AND THIRD-PARTY COMPLAINT</u>

Defendant/Counterclaim-Plaintiff Miami Fine Foods, LLC ("MFF"), by and through undersigned counsel, hereby asserts its Counterclaim and Third-Party Complaint against Plaintiff/Counterclaim-Defendants Sucesión Simon Diaz Marquez (the "Estate") and Bettsymar Díaz ("Diaz")(collectively, "SSDM"), as follows:

### <u>PARTIES</u>

1.      Miami Fine Foods, LLC is a limited liability company organized and existing under

the laws of the State of Florida with its principal place of business of in North Miami Beach, Florida.

2.      On information and belief, the Estate is located in Caracas, Venezuela.

3.      On information and belief, Ms. Díaz is domiciled in Florida and directs and controls the activities of Sucesión Simon Diaz Marquez from within this District.

## JURISDICTION AND VENUE

4.      This is an action for trademark infringement and unfair competition pursuant to the Lanham Act (15 U.S.C. § 1125, *et seq.*) and the common law of the State of Florida.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act. This Court has jurisdiction over MFF's related common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6.      This Court has personal jurisdiction over SSDM because, on information and belief, SSDM has distributed, offered for sale, and/or sold infringing good under MFF's trademark within this State (and specifically within this District), has engaged in acts or omissions within this State causing injury, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction. Moreover, the Estate instituted this action against MFF.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to Olaplex's claims occurred in this District.

## FACTUAL ALLEGATIONS

MFF and the **TIO SIMON** Trademark

8.      Since at least as early as September 2016, MFF has offered a variety of Latin food products under its **TIO SIMON** (translated as "Uncle Simon") trademark ("MFF's Mark") in the

United States.

9.      MFF operates the website located at <tiosimonfoods.com> in connection with Applicant's Mark, as displayed below:



10.     MFF has spent a considerable amount of resources, time, and effort marketing and promoting MFF's Mark. As a result of its extensive use, MFF has built up significant recognition and goodwill in the trademark, which is a symbol of MFF's quality, reputation and goodwill, and serves as an instant source identifier for MFF.

11.     MFF's products are sold and distributed through a curated network of grocery stores and retail outlets, including Winn Dixie, Fresco y Mas, Milam's Market, Locatel, Bravo Market, Price Choice, Moises Bakery, EL Bodegon Supermarket, Latinos Meat Market, and Latinos Supermarket.

12.     MFF owns the entire right, title and interest in and to Applicant's Mark, and has filed U.S. Application Serial No. 97/030,729 for **TIO SIMON** with the United States Patent and Trademark Office ("USPTO") in connection with "Ready-to-eat meals comprised primarily of

meats, cheese and also including Latin and Venezuelan food, namely, cheese tequenos, nata, milk cream, cachapas, sweet corn-based foods, bollitos, empanadas, cachitos, and pandebono," in International Class 29, and "Sauces; Bakery desserts; Sauces, namely, green sauce, guasacaca sauce, pink sauce and garlic and cilantro sauce," in International Class 30 ("MFF's Application"). A true and correct copy of MFF's Application is attached hereto as <u>Exhibit A</u>.

<u>SSDM and the Infringing TIO SIMON and CAFÉ TIO SIMON Trademarks</u>

13.     According to the electronic records of the USPTO, the Estate is the record owner of U.S. Application Serial No. 97/296,359 (the "Estate's First Application") for the mark TIO SIMON ("Estate's TS Mark").

14.     The Estate filed the Estate's Application for the Estate's Mark on March 7, 2022 under Section 44(d), claiming a priority date of February 3, 2022, in connection with "Meat, fish, poultry and game meat; meat extracts; preserved, frozen, dried and cooked fruits and vegetables, vegetables and legumes; jellies, jams, compotes; eggs; milk, cheeses, butter, yogurt, cheeses oils and fats for food use; ready-to-eat meals consisting mainly of meats and cheese; cream, milk cream, cream cheese, spreadable cheese, cassava chips, yuca sticks, frozen cassava, processed plantains, tostones, frozen tostones; guacamole," in International Class 29; "Coffee, tea, cocoa and their substitutes; rice, pasta and noodles; tapioca and sago; flour preparations; processed cereal-based preparations to be used as breakfast food, snack food or ingredient for making other foods; bread, pastry and confectionery made of sugar; chocolate; soft ice creams, sorbets and other ice creams; sugar, honey, molasses syrup; yeast, baking powders; salt, seasonings, spices, preserved herbs; vinegar, sauces, green sauce, guasacaca sauce, pink sauce, garlic sauce, coriander sauce; ice; bakery desserts; black cake, corn-based sweet snack foods, breaded cheesesticks, namely tequenos, cheese tequenos, and sweetcorn tequenos, corn pancakes, namely, cachapas, buns,

empanadas, arepas, Venezuelan tamales, namely, hallacas, Venezuelan bread, namely, cachitos, pandebono bread and pandebono bread containing ham, corn-based tortillas, flan, cheese, bakery mixes for making flan," in International Class 30; "Telecommunication services, namely, transmission of voice, data, graphics, images, audio and video by means of telecommunications networks, wireless communication networks, and the Internet," in International Class 38; and "Educational services, namely, conducting classes, seminars, conferences, and workshops in the field of professional development, culture, history, music, and culinary arts; training services in the field of professional development, culture, history, music, and culinary arts; entertainment services in the nature of live musical performances; entertainment services, namely, providing information about a recording artist via an online network; entertainment services, namely, providing non-downloadable prerecorded music via a website; organization of sports competitions; entertainment services, namely, organization of cultural activities," in International Class 41. A true and correct copy of the Estate's First Application is attached hereto as Exhibit B.

15.     On or about June 12, 2023, Ms. Diaz announced a new business venture between SSDM and third-party Cafeteros 1730 group to release a new coffee product under the mark CAFÉ TIO SIMON ("Estate's CTS Mark"). A true and correct copy of the news article from Spanish language website El Estímulo located at https://elestimulo.com/bienmesabe/lanzamientos/2023-06-12/cafe-tio-simon-que-tiene-que-ver-simon-diaz-con-un-cafe/, along with a certified English translation, is attached hereto as Composite Exhibit C.

16.     In the news release attached as Exhibit C, Ms. Diaz conceded publicly that the name TIO SIMON was not previously used by her deceased father Simon Diaz Marquez as "a commercial brand" and that this partnership with Cafeteros 1730 group was the "first time" SSDM "presented Tio Simon as a commercial brand:"

The proposal prospered after many questions from the Díaz family and many answers from Cafeteros 1730. And they decided to partner with this product that, for the first time, presented Tío Simón as a commercial brand. Additionally, he was a **great coffee drinker** .

«Cafeteros 1730 knocked on my door but for me it was like **they touched my heart** . For us it was something different because my father had always been an emotional and not a commercial brand, that is, not the image of a commercial product. We wondered if that coffee was going to taste like what we are used to from Tío Simón. So it was. "We are very happy to be able to share it very soon with the entire country," said Bettsimar during the launch event for Café Tío Simón, in which he was next to Castor González.

*Id.*

17.     On or about August 29, 2022, the Estate filed U.S. Application Serial No. 97/568,611 with the USPTO (the "Estate's Second Application") under Section 44(d), claiming a priority date of August 23, 2022, for the Estate's CTS Mark in connection with "Coffee and substitutes therefor; ground coffee, coffee beans; unroasted coffee, coffee-based beverages; prepared espresso and espresso-based beverages; coffee beverages with milk; coffee capsules, filled; beverages with coffee, namely, beverages made of coffee; chocolate covered coffee beans, coffee flavorings, namely, flavorings for beverages other than essential oils," in International Class 30. A true and correct copy of the Estate's Second Application is attached hereto as Exhibit D.

18.     On information and belief, neither SSDM nor the deceased Mr. Marquez previously filed trademark applications in the U.S. or Venezuela for the mark TIO SIMON during Mr. Marquez's lifetime.

19.     Under Venezuela's Industrial Property Act of 1955, trademark rights are acquired in Venezuela, where the Estate is located and also the location asserted under Section 44(d) for the

Estate's two pending U.S. trademark applications, by registration of the mark with the Patent and Trademark Office. *See 3 Trademarks Throughout the World*, § 174:19; *see also Id.*, 174:31 ("The owner of a trademark that has not been registered does not have standing to bring a civil action in court based on the statutory prohibition of infringement. Standing to sue on such grounds exists only where the infringed mark is registered.").

20.     Likewise, on information and belief, Venezuela does not recognize post-mortem publicity rights, including name, image and likeness.

21.     By offering for sale competitive food and beverage products in the U.S. under marks identical to MFF's Mark, SSDM is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that these unlicensed and unauthorized products are authorized by MFF.  Such actions are causing irreparable harm to MFF and the public by creating consumer confusion.

22.     Upon information and belief, at all relevant times, Ms. Diaz, who has been doing business in her individual capacity and on behalf of or in concert with the Estate, contributed directly to these infringing acts by knowingly allowing and directing the Estate to display, offer for sale and sell consumable products under the Estate's TS and CTS Marks. Upon information and belief, Ms. Diaz personally participated in, directed, and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint. Ms. Diaz had an obligation and ability to control and stop these infringements, but failed to do so.  Upon information and belief, Ms. Diaz has received, and continues to receive, direct financial benefits from these acts of infringement. These acts and omissions to act by Ms. Diaz materially contributed to and proximately caused the infringement alleged herein.

The Trademark Opposition Proceeding

23.     On November 30, 2022, the Estate filed a Notice of Opposition, styled as *Sucesión Simon Diaz Marquez v. Miami Fine Foods, LLC*, Opposition No. 91282101 (the "Opposition Proceeding"), alleging, in a single count, "misrepresentation of source, false suggestion of a connection, [that MFF is] not the rightful owner of the mark, no use at the time of filing, dilution and fraud."

24.     After the Trademark Trial and Appeal Board ("TTAB") dismissed the Notice of Opposition, the Estate filed the First Amended Notice of Opposition, which largely mirrors the claims asserted by the Estate in this litigation.

25.     On August 28, 2023, MFF served the Estate with written discovery requests, including MFF's First Request for Admissions.

26.     Despite MFF's agreement to extend the response deadline and the Estate's written confirmation as to the extended deadline, the Estate failed to timely serve any response to MFF's First Request for Admissions and, pursuant to Rule 36, Fed.R.Civ.P., the matters are automatically deemed admitted.

27.     As a result, the Estate conceded, among others, the following:

- The Estate does not have any documents in its custody, control or possession that any consumer believes that the Estate was the source of any goods or services offered for sale or sold by MFF.

- The Estate's TS Mark is primarily associated with music.

- MFF's use of MFF's Mark has not caused the Estate to lose any sales of services offered under the Estate's TS Mark.

- The Estate does not have any documents in its custody, control or possession that MFF's use of MFF's Mark has caused the Estate to lose any sales of services offered under the Estate's TS Mark.

- MFF's use of MFF's Mark has not caused the Estate to suffer any injury.

- The Estate does not have any documents in its custody, control or possession that MFF's use of MFF's Mark has caused the Estate to suffer any injury.

- The Estate is aware of third-party use of the term TIO in connection with food products.

- The Estate is aware of third-party use of the term SIMON in connection with food products.

- The Estate has no evidence of incidents of actual confusion between the Estate and MFF.

A true and correct copy of MFF's First Request for Admissions, as admitted by the Estate, is attached hereto as Exhibit E.

28.     The Estate sought, and the Board recently granted, a suspension of the Opposition Proceeding on the basis of this lawsuit. Separately, MFF sought summary judgment on the basis that the Estate admitted, *inter alia,* it lacks standing in the Opposition Proceeding and further lacks priority in the U.S. to the TIO SIMON trademark. The Board subsequently held the Motion for Summary Judgment in abeyance for the duration of the suspension.

**FIRST CLAIM FOR RELIEF**
**(Federal Unfair Competition)**

29.     MFF repeats and incorporates Paragraphs 1 through 28 inclusive as if set forth verbatim herein.

30.     MFF's Mark is inherently distinctive, has achieved a high degree of consumer recognition with MFF's customers, and serves to identify MFF as the source of high-quality goods to which the MFF Mark is affixed.

31.     SSDM's promotion, advertising, distribution, marketing, sale, and/or offering for sale of the competitive consumable products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of such products, and is intended, and is likely, to cause such parties to believe, in error, that SSDM's goods have been

authorized, sponsored, approved, endorsed or licensed by MFF, or that SSDM is in some way affiliated with MFF, which it is not.

32.     SSDM's use of marks identical or confusingly similar to MFF's Mark is without MFF's permission or authority and is in total and willful disregard of MFF's U.S. rights to control MFF's Mark.

33.     SSDM's acts have damaged and will continue to damage MFF and MFF has no adequate remedy at law.

34.     Upon information and belief, the Estate's acts were done with full knowledge of Diaz, who directed and controlled such acts.

35.     In light of the foregoing, MFF is entitled to injunctive relief prohibiting SSDM from using MFF's Mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that MFF has sustained and will sustain, and all gains, profits and advantages obtained by SSDM as a result of the infringing acts alleged above in an amount not yet known, as well as the costs of this action.

**SECOND CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

36.     MFF repeats and incorporates Paragraphs 1 through 28 inclusive as if set forth verbatim herein.

37.     SSDM's constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of MFF unless restrained by this Court. MFF has no adequate remedy at law for this injury.

38.     On information and belief, SSDM acted with full knowledge of MFF's use of and statutory and common law rights to the MFF Mark, and without regard to the likelihood of confusion of the public created by SSDM's activities.

39.     SSDM's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the MFF Mark to the great and irreparable injury of MFF.

40.     Upon information and belief, the Estate's acts were done with full knowledge of Diaz, who directed and controlled such acts.

41.     The foregoing acts of SSDM is causing irreparable injury to MFF and to its goodwill and reputation, and will continue to both damage MFF and deceive the public unless enjoined by this Court. MFF has no adequate remedy at law, injunctive relief is warranted considering the hardships between MFF and SSDM, and the public interest would be served by enjoining SSDM's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, MFF prays that:

1. SSDM and its respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from SSDM, or in concert or participation with SSDM, be enjoined preliminarily and permanently by this Court, from:

    a.      using any trademark, service mark, name, logo, design and/or source designation of any kind on or in connection with SSDM's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by MFF; and

    b.      passing off, palming off, or assisting in the passing off or palming off of SSDM's goods as those of MFF, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2. SSDM be ordered to recall all products bearing the MFF Mark or any other indicia confusingly or substantially similar thereof, which have been shipped by SSDM or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer,

and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against SSDM;

3.   SSDM be ordered to deliver for impoundment and destruction all merchandise, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery and/or other materials in the possession, custody, or under the control of SSDM which are found to adopt or infringe the MFF Mark, or which otherwise unfairly compete with MFF and its products;

4.   SSDM be ordered to file with this Court and serve upon MFF, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath and setting forth in detail the form and manner in which SSDM has complied with said permanent injunction, pursuant to 15 U.S.C. 1116(a);

5.   SSDM be compelled to account to MFF for any and all sales and profits derived by SSDM from the sale or distribution of the consumable products described in this Complaint;

6.   SSDM be ordered to disclose the supplier(s) of the consumable products described herein and provide all documents, correspondence, receipts, and/or invoices associated with the purchase of said products;

7.   MFF be awarded all damages caused by the acts forming the basis of this Complaint;

8.   Based on SSDM's knowing and intentional use of identical and/or confusingly similar imitations of the MFF Mark, the damages award be trebled and the award of SSDM's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

9.   SSDM be required to pay to MFF the costs of this action and MFF's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

10. Based on SSDM's willful and deliberate infringement of the MFF Mark, and to deter such conduct in the future, MFF be awarded punitive damages;

11. SSDM be required to pay prejudgment interest on all damages and profits awards; and

12. MFF has such other and further relief as this Court may deem just and equitable.


Date:   November 22, 2023                    Respectfully submitted,

                                             **FRIEDLAND VINING**

                                              /s/ Jaime Rich Vining
                                             By:    **David K. Friedland**
                                                    Florida Bar No. 833479
                                                    **Jaime Vining**
                                                    Florida Bar No. 30932
                                                    9100 S. Dadeland Blvd., Suite 1620
                                                    Miami, Florida 33156
                                                    (305) 777-1720 telephone
                                                    e-mail: DKF@friedlandvining.com
                                                    e-mail: JRV@friedlandvining.com
                                                    ***Counsel for Miami Fine Foods, LLC
                                                    and Avi Assor***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Ben Natter**
**Michael Barer**
Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Email: bnatter@haugpartners.com
Email: mbarer@haugpartners.com
*Service via CM/ECF*

**Matthew Kevin Ryan**
Haug Partners LLP
1667 K St. NW
Washington, DC 20006
Email: mryan@haugpartners.com
*Service via CM/ECF*

/s/Jaime Rich Vining
Jaime Rich Vining