# EXHIBIT E

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| **SUCESIÓN SIMON DIAZ MARQUEZ**, <br> Opposer, <br><br> v. <br><br> **MIAMI FINE FOODS, LLC**, <br> Applicant. | Opposition No.: 91282101 <br> Application Serial No.: 97/030,729 <br> Mark: **TIO SIMON** <br> Publication Date: August 2, 2022 |

## APPLICANT'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rules 26 and 36, Fed.R.Civ.P., and 37 C.F.R. § 2.120, Miami Fine Foods, LLC ("Applicant"), by and through undersigned counsel, hereby requests that Opposer Sucesión Simon Diaz Marquez ("Opposer") admit, within thirty (30) days of service of this Request for Admissions (hereinafter, the "Requests"), the truth of the matters that follow.

## DEFINITIONS AND INSTRUCTIONS

As used herein:

A. "You," "Your," "Opposer," the "Estate," or "Sucesión Simon Diaz Marquez" refers to Opposer Sucesión Simon Diaz Marquez, including all predecessors, successors, officers, directors, employees, agents, representatives, and all other persons acting or purporting to act on its behalf.

B. The "Opposer's Trademark" refers to the trademark TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/296,359.

C. The "Opposer's Application" refers to U.S. Trademark Application Serial No. 97/296,359.

D. The "Applicant's Trademark" refers to trademark TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/030,729.

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

Opposition No.: 91282101

  E. The "Applicant's Application" refers to U.S. Trademark Application Serial 97/030,729.

  F. "Documents" means, but without limitation: every writing or record of every type and description including those existing in all manner of memory means or devices used in connection with electronic computers or word processors that is or has been in the possession, control or custody, or of which you have knowledge, including without limitation: papers, contracts, correspondence, memoranda, tapes, communications, invoices, accounts, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, photographs, films, videotapes, sound or voice recordings, maps, reports, surveys, minutes, graphs, statistical compilations, charts, calculations, projections, plans, data processing cards, tapes or disks or computer records or printouts; every copy of every such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

  G. "Communication" includes, without limitation, communications by whatever means transmitted (i.e. whether oral, written, electronic, or other), as well as any note, memorandum or other record thereof.

  H. "Entity" means any individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity.

  I. "Date" means the exact day, month and year if ascertainable or, if not, the best available approximation (including relationship to other events).

  J. "Relate" or any permutation thereof, means that which is, constitutes, comprises, discloses, reflects, describes, discusses, concerns, supports, contradicts, or in any other manner touches on.

  K. As used herein, unless otherwise indicated, the single shall always include the plural, and the present tense shall always include the past tense, and *vice versa*.

  L. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

Opposition No.: 91282101

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Admit that you do not have any documents in your custody, control or possession that any consumer believes that Opposer was the source of any goods or services offered for sale or sold by Applicant.

**REQUEST NO. 2**: Admit that Opposer's Trademark is primarily associated with music.

**REQUEST NO. 3**: Admit that Applicant's use of Applicant's Trademark has not caused you to lose any sales of services offered under Opposer's Trademark.

**REQUEST NO. 4**: Admit that that you do not have any documents in your custody, control or possession that Applicant's use of Applicant's Trademark has caused you to lose any sales of services offered under Opposer's Trademark.

**REQUEST NO. 5**: Admit that Applicant's use of Applicant's Trademark has not caused you suffer any injury.

**REQUEST NO. 6**: Admit that you do not have any documents in your custody, control or possession that Applicant's use of Applicant's Trademark has caused you to suffer any injury.

**REQUEST NO. 7**: Admit that you are aware of third-party use of the term TIO in connection with food products.

**REQUEST NO. 8**: Admit that you are aware of third-party use of the term SIMON in connection with food products.

**REQUEST NO. 9**: Admit that you have no evidence of incidents of actual confusion between Opposer and Applicant.

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier

Opposition No.: 91282101

Date:  August 28, 2023                                 Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining

David K. Friedland
Jaime Rich Vining
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720

*Attorneys for Applicant*


**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that the foregoing **FIRST REQUEST FOR ADMISSIONS** was served upon Opposer by delivering true and correct copies of same to counsel for Opposer via email on August 28, 2023 as follows:

Ben Natter, Esq.
Haug Partners, LLP
745 Fifth Ave.
New York, NY 10151
e-mail:  bnatter@haugpartners.com,  mbarer@haugpartners.com,  docket@haugpartners.com, ttab@haugpartners.com

s/Jaime Rich Vining/
Jaime Rich Vining

4

**FRIEDLAND VINING, P.A.**
(305) 777-1721 • (305) 456-4922 telecopier