IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-CV-23933-FAM

**SUCESIÓN SIMON DIAZ MARQUEZ**,

    Plaintiff,

v.

**MIAMI FINE FOODS, LLC and AVI ASSOR**,

    Defendants.
_____/

### MIAMI FINE FOODS, LLC's MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS ON THIRD-PARTY DEFENDANT BETTSYMAR DIAZ AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. Rule 4(e)(1), Defendant/Counter-Plaintiff Miami Fine Foods, LLC ("MFF") respectfully moves for an order authorizing alternative service of process on Third Party Defendant Bettsymar Diaz ("Diaz") via email and U.S. first-class mail.

**I.    STATEMENT OF FACTS**

Plaintiff/Counter-Defendant Sucesión Simon Diaz Marquez (the "Estate") filed this action for trademark infringement, false association, deceptive and unfair trade practices and related claims against MFF and Avi Assor ("Assor") on October 13, 2023 (Doc. No. 1). On November 22, 2023, MFF responded to the Complaint and filed a Counterclaim and Third-Party Complaint against the Estate and Diaz, who directs and controls the activities of the Estate (Doc. No. 12).[1]

Promptly following the initiation of this action, undersigned counsel engaged DLE Legal process servers to personally serve Diaz with the Third-Party Complaint. The process server attempted to serve Diaz at the following Miami addresses on December 19, 21 and 27, 2023 and January 5 and 17, 2024:

---

[1] The Clerk issued the summons for Diaz on December 14, 2023 (Doc. No. 14).

- 3921 N. Meridian Ave, Apt. A, Miami Beach, FL 33140;

- 1622 Bay Rd #101, Miami Beach, FL 33139;

- 4708 NW 114th Avenue Unit 101, Miami, FL 33178; and

- 10546 NW 51 Street, Miami, FL 33178

*See* Return of Non-Service by Henry Pinto, attached hereto as <u>Exhibit A</u>. Each of these addresses was identified by Diaz in corporate records filed with the Florida Department of State, Division of Corporations.[2] *See* Declaration of Avi Assor, attached hereto as <u>Exhibit B</u>, ¶ 3. The process server was ultimately unsuccessful reaching Diaz at these addresses during his numerous attempts to serve Diaz, which suggests that Diaz is intentionally evading service. *See* Ex. A.

MFF now respectfully requests an order authorizing service of process on Diaz via email and U.S. first-class mail. Although MFF has been diligent in its attempts to serve Diaz, including requesting that the Estate's counsel accept service on behalf of Diaz,[3] MFF is not confident that it will be able to locate Diaz for personal service. Ex. B, ¶ 4. As detailed below, alternate service by email is appropriate and necessary in this case, because Diaz: (1) operates via the Internet; and (2) clearly relies on electronic communications as a reliable form of contact to operate the Estate's business.[4] MFF has the ability to contact Diaz directly and provide notice of MFF's claims against Diaz electronically via email to Diaz's known email addresses. *Id.*, ¶ 6. Thus, MFF respectfully submits that an order allowing service of process and service of all filings via email (and/or mail) will benefit all parties and the Court by ensuring Diaz receives immediate notice of the pendency

---

[2] Of particular interest, Diaz is also identified as the Registered Agent in the corporate filings, but she has not been available, despite Florida's requirements of having a physical address in the state and being available during regular business hours. *See* Fla Stat. 607.0501.
[3] Counsel for the Estate has refused to accept service on behalf of Diaz. Ex. B, ¶ 4.
[4] Diaz, through the Estate, identifies her contact information as bettsimar.diaz@gmail.com on the Facebook page for Simon Diaz, located at https://www.facebook.com/tiosimondiaz?locale=fi_FI. Ex. B, ¶ 6.

2

of this action and allowing this action to move forward expeditiously. Absent the ability to serve Diaz electronically, MFF will almost certainly be left without the ability to pursue a remedy. *Id.*, ¶ 7.

In light of the substantial efforts expended to personally serve Diaz, MFF respectfully requests that the Court allow MFF to serve Diaz via email and U.S. first-class mail.

## II.     ARGUMENT AND CITATION OF AUTHORITIES

Under Federal Rule of Civil Procedure 4(e), service on an individual defendant may be accomplished by "following state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4 "was designed 'to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process.'" *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (*quoting* 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1061, at 216 (2d ed. 1987)). "Due process requires that any service of notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Miller v. Ceres Unified Sch. Dist.*, No. 15-cv-0029, 2016 WL 4702754, at *3 (E.D. Cal. Sept. 7, 2016) (*quoting Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08–23490, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (*citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternative means of service [under Rule 4(f)(3)]")). "After evaluating the specifics of each case, the courts of this

3

District have found service by email to comport with due process on a number of occasions." *U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12-22129, 2012 WL 3614360, at *2 (S.D. Fla. Aug. 21, 2012) (citing cases).

By means of the process server's affidavit, MFF has shown that Diaz is evading personal service and thus traditional service cannot be effectuated on her. *See* Ex. A; *see also Bein v. Brechtel–Jochim Grp., Inc.,* 8 Cal. Rptr. 2d 351, 353 (Cal. Ct. App. 1992) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). Thus, an alternative method of service is appropriate.[5] "When there is evidence that a defendant is evading service, courts are more willing to allow alternative methods of service." *Miller*, 2016 WL 4702754, at *4. Service via email, mail or combination of these methods will reasonably give Diaz actual notice of this pending litigation. *See, e.g., Licht v. Watson*, 2013 U.S. Dist. LEXIS 204871 (S.D. Fla. Mar. 20, 2013)(authorizing alternative service of process); *see also Miller v. Superior Court In & For Los Angeles Cnty.*, 195 Cal. App. 2d 779, 786 (1961)("A person who deliberately conceals himself to evade service of process is scarcely in a position to complain over much of unfairness in substitutive methods of notification enacted by the Legislature to cope with such situations"); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, 2014 U.S. Dist. LEXIS 65656, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014)(the court allowed service of defendant by email, where defendant demonstrated a pattern of evading service, including the process server's eight attempts to serve defendant at his last-known address).

---

[5] According to the Florida Rules of Civil Procedure, "[s]ervice of process by publication or any other means may be made as provided by statute." Fla. R. Civ. P. 1.070(d). Likewise, in certain circumstances, service by email is permitted under Florida Law. Fla. Stat. § 48.102 (2023).

MFF has also shown that Diaz is "engaged in internet-based commercial activities and rel[ies] on email as a means of communication." *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) ("[U]nder these circumstances, service by email would be the best method for providing actual notice to these [d]efendants."). MFF submits that allowing email service in the present case is appropriate and comports with constitutional notions of due process.[6] Accordingly, this Court should permit electronic service on Diaz.

### III. CONCLUSION

For the foregoing reasons, MFF respectfully requests this Court grant the present motion and authorize service of the Summonses, Third-Party Complaint, and all filings and discovery in this matter upon Diaz in this action via email at bettsimar.diaz@gmail.com and U.S. first-class mail.

DATED: January 19, 2024

Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining
David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932

---

[6] Alternatively, MFF submits that Diaz may be evading service by residing, at least temporarily, in Venezuela, where the Estate is located. *See* Doc. No. 1, ¶ 7. Of particular relevance, Venezuela is not a signatory to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. Nonetheless, this Court has authorized alternative service on an individual in a foreign country under Federal Rule of Civil Procedure 4(f)(3). *See, e.g. Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service by e-mail); *Bialik v. Individuals Identified on Schedule "A,"* No. 22-cv-6142-BLOOM/Valle, 2022 WL 4268594, at *2 (S.D. Fla. Sept. 15, 2022) (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Assoc.*, No. 17-6241-CIV-MOORE, 2017 WL 8794733, at *4-5 (S.D. Fla. Dec. 13, 2017) (permitting service by website publication); *Cassegrain v. bagsoutlet.us*, No. 18-cv-62933-BLOOM/Valle, 2018 WL 10582119, at *1-2 (S.D. Fla. Dec. 7, 2018) (same).

          Email: jrv@friedlandvining.com
          9100 S. Dadeland Blvd., Suite 1620
          Miami, FL 33156
          (305) 777-1721 – telephone
          (305) 456-4922 – facsimile

          *Counsel for Defendants/Counter-Plaintiff*

## **CERTIFICATE OF CONFERRAL**

      Pursuant to Local Rule 7.1, undersigned counsel for Defendants/Counter-Plaintiff certifies that she has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein, and states the none of the issues has been resolved.

          /s/Jaime Rich Vining
          Jaime Rich Vining

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Ben Natter**
**Michael Barer**
Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Email: bnatter@haugpartners.com
Email: mbarer@haugpartners.com
*Service via CM/ECF*

**Matthew Kevin Ryan**
Haug Partners LLP
1667 K St. NW
Washington, DC 20006
Email: mryan@haugpartners.com
*Service via CM/ECF*

**Bettysmar Diaz**
3921 N. Meridian Ave, Apt. A
Miami Beach, FL 33140
*Service via First Class U.S. mail*

              /s/Jaime Rich Vining
              Jaime Rich Vining