**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Sucesión Simon Diaz Marquez, | |
| *Plaintiff*, | |
| v. | Civil Case No. 1:23-cv-23933-FAM |
| Miami Fine Foods, LLC and Avi Assor, | ***Document Electronically Filed*** |
| *Defendants*. | |
| Miami Fine Foods, LLC, | |
| *Counterclaim/Third Party-Plaintiff*, | |
| v. | |
| Sucesión Simon Diaz Marquez and Bettsymar Diaz, | |
| *Counterclaim/Third Party-Defendants*. | |

## MOTION TO WITHDRAW AS COUNSEL

The law firm of Haug Partners, LLP, counsel for Plaintiff, Sucesión Simon Diaz Marquez ("Plaintiff") and Third Party Defendant, Bettsimar Diaz ("Ms. Diaz"), hereby respectfully files this motion to permit Haug Partners, LLP, including all affiliated attorneys, paralegals and assistants appearing or engaged in the above captioned matter (collectively, "Haug Partners"), to withdraw as counsel for Plaintiff and Ms. Diaz (the "Diaz Parties").

Further, the Diaz Parties respectfully request that the Court stay the above-captioned proceedings, including all discovery deadlines and all other deadlines, for sixty (60) days to allow Plaintiff and Ms. Diaz time to retain new counsel and for new counsel to get properly acquainted with the case.

1

In support of the instant Motion to Withdraw as Counsel (the "Motion"), Haug Partners states:

1. This Motion is not being filed to hinder or delay this matter or to prejudice any party.

2. Haug Partners is unable to go forward as counsel for the Diaz Parties in this matter because a material and fundamental disagreement between counsel and the Diaz Parties has arisen. This fundamental disagreement involves the Diaz Parties' obligations to counsel. Counsel has discussed these issues at length with the Diaz Parties, as such it has become clear that no agreement will be reached and these differences are thus, irreconcilable. *See Patienttrac Info. Tech. Corp. v. Universal Counseling Servs., Inc.*, Case No. 12-21264-Civ-SCOLA, 2012 WL 12902741 (S.D. Fla. 2012) (J. Scola) (granting motion to withdraw based on "irreconcilable differences."). Thus, counsel wishes to withdraw due to these fundamental irreconcilable differences.

3. Florida Bar Rule 4-1.16(b)(3) permits withdrawal if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

4. The comment to Florida Bar Rule 4-1.16 states, in part:

> "The lawyer's statement that professional considerations require the termination of representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rules 4-1.6 and 4-3.3."

5. Due to the nature of the irreconcilable differences and counsel's inability to reach an agreement with the Diaz Parties regarding their obligations to counsel, good cause exists for counsel's withdrawal.

6. Further, the Diaz Parties have consented to Haug Partners' request to withdraw as counsel, and they intend to engage new counsel.

2

7. Pursuant to Florida Bar Rule 4-1.16(a)(3), counsel must terminate representation upon being discharged by the client.

8. The Diaz Parties have advised that they intend to retain new counsel, however Haug Partners is unaware of any further details.

9. Until the Diaz Parties have retained new counsel, all correspondence should be sent to the following address and e-mail address:

> Ms. Bettsimar Diaz
> 3921 N. Meridian Ave., Apt. A
> Miami Beach, FL 33140
> bettsimar.diaz@gmail.com

10. The withdrawal of Haug Partners will cause no prejudice to the rights of the Diaz Parties, as this matter is still in the middle of discovery. Therefore, withdrawal can be accomplished without any material adverse effects on the interests of the Diaz Parties.

11. Haug Partners affirms that it has given advance notice of this Motion to the Diaz Parties, in advance of the expiration of any pending response period or other relevant deadlines.

12. Haug Partners affirms that the instant Motion has been served on the Diaz Parties and/or their representatives as set forth in the Certificate of Service below. Moreover, numerous discussions have been had via telephone and email with the Diaz Parties about the circumstances that form the basis for this Motion prior to filing.

13. On March 4, 2024, Haug Partners conferred with Defendants' counsel regarding the instant Motion at which time Defendants' counsel indicated that Defendants plan to oppose the Motion.

14. Defendants baselessly contend that that the instant Motion is being filed for improper reasons to gain some sort of strategic advantage.[1] A true and correct copy of the parties'

---

[1] Defendants' assertion is absurd. There is not a shred of evidence of any improper purpose behind

3

correspondence is attached as **Exhibit A**.

15. Haug Partners is unaware of any possible strategic advantage which could be gained by a party discharging representation.

16. Defendants' accusations are merely a thinly veiled attempt to increase costs and to uncover details regarding Haug Partners' professional relationship with the Diaz Parties. Defendants are not entitled to any such details.

17. Nor has this Court required disclosure of such details when the withdrawing counsel provides a statement that irreconcilable differences have arisen between the party and counsel. *See Cruz v. Royal Caribbean Cruises Ltd.*, Case No. 20-20788-Civ-Scola, ECF No. 27 (S.D. Fla. June 29, 2020) (granting motion to withdraw as counsel upon withdrawing counsel's statement that irreconcilable differences arose with the client and could not be resolved. Withdrawing counsel did not provide further details, on the basis that such information is protected by the attorney-client privilege).

18. Indeed, the comment to Florida Bar Rule 4-1.16 clearly states, that a "lawyer's statement that professional considerations require the termination of representation ordinarily should be accepted as sufficient."

19. Accordingly, Haug Partners' statement regarding the irreconcilable differences and issues regarding the Diaz Parties' fulfillment of obligations to Haug Partners is sufficient to show good cause for the instant Motion. Defendants are not entitled to more details and they are certainly not entitled to details regarding information protected by the attorney client privilege.

20. Further, Defendants' accusations that the instant Motion is being filed for improper

---

the instant motion, nor does any evidence exist. Defendants' baseless accusations are entirely their own speculation.

purposes, namely for some strategic advantage, is nonsensical. Indeed, once Haug Partners withdraws as counsel, it will no longer be involved in this case and the Diaz Parties will be without counsel. No strategic advantage can be gained by Haug Partners' withdrawal.

21. To the extent Defendants may assert that this Motion is being filed to delay discovery, that is not accurate and there is no evidence whatsoever which may overcome the good cause shown to support this Motion.

22. Defendants served their first set of discovery requests on January 24, 2024. Accordingly, Plaintiff and Ms. Diaz's responses were initially due February 23, 2024.

23. On February 5, 2024, Defendants (not the Diaz Parties) requested a 30-day extension of time to respond to Plaintiff's first set of discovery requests (which was also outstanding). Plaintiff consented to a two-week extension with the understanding that Plaintiff would likewise receive a reciprocal two week extension to respond to Defendants' discovery requests. Accordingly, Plaintiff's responses are currently due on March 8, 2024. A true and correct copy of the parties correspondence is attached hereto as **Exhibit B**.

24. The mere fact that there are current discovery deadlines (that have not passed), is not sufficient to show Defendants will be so prejudiced by the granting of this motion as to overcome the good cause shown. Indeed, Courts in this district routinely grant motions to withdraw and an accompanying stay of proceedings. *See e.g., KLX, Inc. v. Your Container Solutions, Inc.*, Case No. 9:17-cv-81147-WPD, Dkt. No. 50 (S.D. Fla. August 7, 2018) (granting counsel's motion to withdraw as attorney, staying the action, and permitting a ten day extension of time to respond to discovery requests despite a pending motion to compel). Here, the deadline to respond to discovery has not yet passed and, thus far, Plaintiff and Ms. Diaz have only received one 14-day extension of time to respond (at the behest of Defendants). This is a far cry from the prejudice that

Defendants would need to show to overcome the good cause that supports this Motion.

25. Moreover, not only have Defendants declared an intent to oppose what should be a straightforward motion to withdraw, they seem to view the current status of the Diaz Parties' representation as an opportunity to aggressively push forward with discovery. Indeed, less than 24 hours after Haug Partners attempted to confer with Defendants' counsel regarding this Motion, Defendants' counsel sent the Diaz Parties three deposition notices and six subpoenas for third party witnesses to testify. Each deposition notice and subpoena is dated either March 4, 2024 (the very day counsel conferred with Defendants' counsel) or March 5, 2024. True and correct copies of the email correspondence from Defendants' counsel and the Notices are attached hereto as **Exhibit C**.

26. Defendants seem to be taking advantage of this Motion to gain their own strategic advantage by serving an influx of deposition notices and subpoena requests mere hours after discovering Haug Partners has irreconcilable differences with the Diaz Parties.

27. Accordingly, Haug Partners respectfully requests that this matter be stayed for sixty (60) days to allow the Diaz Parties to retain new counsel and for new counsel to get properly acquainted with the case.

28. Ms. Diaz is currently caring for her ill mother, and requires the stay to finalize arrangements with new counsel.

29. Moreover, the Diaz Parties respectfully request that the Court order an extension of time for Plaintiff and Ms. Diaz to respond to Defendants' first set of discovery requests, currently due on March 8, 2024, to a time and date after new counsel has been engaged and makes an appearance.

30. Finally, the Diaz Parties respectfully request that all third party discovery, depositions, and all other deadlines be stayed pending a time and date after new counsel has been

engaged.

WHEREFORE, Haug Partners respectfully requests that this Motion be granted.

### CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Defendants' counsel has advised that Defendants intend to oppose the motion.

Dated: New York, NY
March 5, 2024                                        Respectfully submitted,


By: */s/Ben Natter/*

Ben Natter
Fla. Bar No. 1050054
**HAUG PARTNERS LLP**
777 South Flagler Drive
Suite 1000, East Tower
West Palm Beach, FL 33401
Tel: (212) 588-0800
bnatter@haugpartners.com

Michael Barer (admitted *pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
mbarer@haugpartners.com

*Attorneys for Sucesión Simon Diaz Marquez and Bettsimar Diaz*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Motion to Withdraw as Counsel to be electronically filed with the Clerk of Court and served upon all counsel of record via the Court's CM/ECF electronic filing system.

Further, a true and correct copy of the foregoing document was served on Plaintiff and Ms. Diaz via email and by placing said copy in the United States Mail, first class, postage prepaid, addressed as follows:

> Ms. Bettsimar Diaz
> 3921 N. Meridian Ave., Apt. A
> Miami Beach, FL 33140
> bettsimar.diaz@gmail.com

Dated: March 5, 2024

Respectfully submitted,

By: */s/Ben Natter/*

Ben Natter
Fla. Bar No. 1050054
**HAUG PARTNERS LLP**
777 South Flagler Drive
Suite 1000, East Tower
West Palm Beach, FL 33401
Tel: (212) 588-0800
bnatter@haugpartners.com

Michael Barer (admitted *pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
mbarer@haugpartners.com