# Exhibit C

| | |
|---|---|
| **From:** | Aylin Hovispo |
| **To:** | Natter, Ben; Barer, Michael; Ryan, Matthew |
| **Cc:** | Javier Coronado; Prince-Alex Iwu; Zhen Pan; Jaime Vining |
| **Subject:** | Activity in Case 1:23-cv-23933-FAM Sucesion Simon Diaz Marquez v. Miami Fine Foods, LLC et al Notice of Attorney Appearance |
| **Date:** | Tuesday, March 5, 2024 12:53:23 PM |
| **Attachments:** | image002.png |
| | Notice of SSDM Deposition (00377868).pdf |
| | Notice of Bettsymar Deposition (00377833).pdf |
| | Notice of Simón Humberto Díaz García Deposition (00377838).pdf |
| | Subpoena - Corporate Representative of Simon Diaz Foundation INC.pdf |
| | Subpoena - Corporate Representative of Foro Autoral Latam LLC.pdf |
| | Subpoena - Claudia Urdaneta.pdf |
| | Subpoena - Corporate representative of Cafeteros 1730, C.A.pdf |
| | Subpoena - Castor Gonzalez Escobar.pdf |
| | Subpoena - Nicolas Rossini Martin.pdf |

---

**This Message originated outside your organization.**

---

Please disregard the previous e-mail. Thanks.

| | |
|---|---|
| **Court:** | United States District Court<br>Southern District of Florida |
| **Case No:** | Case No.: 1:23-CV-23933-FAM |
| **Plaintiff(s):**<br><br>**Defendant(s):** | SUCESIÓN SIMON DIAZ MARQUEZ<br>v.<br>MIAMI FINE FOODS LLC |
| **Document(s):** | 1. Notice of Videotaped Deposition of Sucesion Simon Diaz Marquez;<br>2. Notice of Videotaped Deposition of Bettstmar Diaz;<br>3. Notice of Videotaped Deposition of Simon Humberto Diaz Garcia;<br>4. Subpoena to Testify at Deposition to Corp Rep of Simon Diaz Foundation, Inc;<br>5. Subpoena to Testify at Deposition to Corp Rep of Foro Autoral Latam, LLC;<br>6. Subpoena to Testify at Deposition to Claudia Urdaneta;<br>7. Subpoena to Testify at Deposition to Corp Rep of Cafeteros 1730, C.A.;<br>8. Subpoena to Testify at Deposition to Castor Gonzalez Escobar;<br>9. Subpoena to Testify at Deposition to Nicolas Rossini Martin. |
| **Sending Attorney & Telephone Number:** | Javie Coronado<br><br>305-375-9220 |

**Aylin Hovispo**
Legal Assistant



Diaz, Reus & Targ, LLP

Office: 305.375.9220 |
ahovispo@diazreus.com | www.diazreus.com

North America . Latin America . Europe . Asia . Middle East . Africa

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be corrected. Thank you for your cooperation.

DIAZ, REUS & TARG LLP IS AN INTERNATIONAL LEGAL PRACTICE PROVIDING CLIENT SERVICES WORLDWIDE THROUGH ITS MEMBER FIRMS AND AFFILIATES. ANY REFERENCE TO A "PARTNER" MEANS A PERSON WHO IS A PARTNER, MEMBER, CONSULTANT, OR EMPLOYEE WITH EQUIVALENT STANDING AND QUALIFICATIONS IN ONE OF DIAZ REUS' MEMBER FIRMS OR AFFILIATES.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:23-CV-23933-FAM**

**SUCESIÓN SIMON DIAZ MARQUEZ**,

      Plaintiff/Counter-Defendant,

v.

**MIAMI FINE FOODS LLC**

      Defendants/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S NOTICE OF VIDEOTAPED**
**DEPOSITION OF PLAINTIFF/COUNTER-DEFENDANT**
**<u>SUCESION SIMON DIAZ MARQUEZ</u>**

TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6) and the applicable Local Rules for the Southern District of Florida, Miami Fine Foods, LLC, by and through its attorneys will take the deposition of Plaintiff/Counter-Defendant, Sucesión Simon Diaz Marquez ("SSDM"), upon oral examination before an officer appointed or designated under Rule 28 of the Federal Rules of Civil Procedure and licensed to administer oaths via live transcription.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, SSDM is required to designate one or more persons to testify on its behalf on the topics identified in the Schedule "A" attached hereto, at the date, time, and place indicated below.

      **Date:**      **April 1, 2024**

      **Time:**      **10:00 A.M (EST)**

      **Place:**      **Diaz, Reus & Targ, LLP**
                    **100 SE 2nd Street, Suite 3400**
                    **Miami, Florida 33131**

The oral examination will continue from day to day until completed.  The deposition is being taken for the purpose of discovery, and or use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

PLEASE ADVISE IF A FOREIGN LANGUAGE INTERPRETER IS NEEDED

DATE: March 5, 2024.  **DIAZ REUS & TARG, LLP**

100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone (305) 375-9220

By: /s/  Javier Coronado
Javier Coronado Diaz (Florida Bar No. 558442)
Email: jcoronado@diazreus.com
Zhen Pan (Florida Bar No. 123637)
Email: zpan@diazreus.com

**FRIEDLAND VINING, P.A.**

9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com

*Attorneys for Defendants/Counter-Plaintiff*

## <u>SCHEDULE A</u>

### Deposition Topics

1.     The representative's relationship with Plaintiff/Counter-Defendant Sucesión Simon Diaz Marquez ("SSDM").

2.     The representative's relationship with Counter-Defendant Bettsymar Diaz ("Diaz").

3.     SSDM's relationship with Diaz.

4.     The education and work experience of SSDM's representative.

5.     The process for selecting SSDM's representative.

6.     The representative's deposition preparation.

7.     All documents that are filed in court, produced or, served by any party in this lawsuit, including any motions, discovery responses, affidavits, and declarations filed in support thereof.

8.     Any documents withheld during discovery and any privilege logs served by SSDM in this lawsuit.

9.     The trademark TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/296,359 (the "SSDM's TS Mark").

10.     The U.S. Trademark Application Serial No. 97/296,359 (the "SSDM's First Application").

11.     The trademark CAFÉ TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/568,611 ("SSDM's CTS Mark")

12.     The trademark TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/568,611 ("SSDM's Second Application")

13.     Trademark TIO SIMON, as identified in U.S. Trademark Application Serial No. 97/030,729 ("MFF's Mark")

14.     The U.S. Trademark Application Serial 97/030,729 ("MFF's Application").

15.     The Notice of Opposition styled as *Sucesión Simon Diaz Marquez v. Miami Fine Foods, LLC*, Opposition No. 91282101, filed by SSDM before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board.

16.     Any state trademark or service mark application filed and/or prosecuted by or on behalf of SSDD that contains SSDM's TS Mark, SSDM's CTS Mark, and/or or any variation thereof.

17.     Any foreign trademark or service mark application filed and/or prosecuted by or on behalf of SSDD which contains SSDM's TS Mark, SSDM's CTS Mark, and/or or any variation thereof, alone or in combination with other words or design elements, in any form.

18.     SSDM's use, and any terminations or interruptions of use, of SSDM's TS and CTS Marks, including, but not limited to, actual and contemplated use of SSDM's TS and CTS Marks in relation to or in connection with (a) advertising, marketing, and promotional efforts; (b) licensing; and (c) SSDM's goods and services.

19.     Advertising and promotion of SSDM's TS Mark and/or SSDM's CTS Mark.

20.     Selection, registration, and use of SSDM's TS Mark and/or SSDM's CTS Mark.

21.     Any government licenses, permits, or authorizations that you have obtained in connection with the use of SSDM's TS Mark and/or SSDM's CTS Mark.

22.     All persons who were involved in the creation, selection, registration, and/or evaluation of SSDM's TS Mark and/or SSDM's CTS Mark.

4

23.     SSDM's inquiries concerning SSDM's TS Mark and/or SSDM's CTS Mark prior to the adoption of such marks.

24.     Services or products that SSDM intends to or already has advertised, distributed, offered for sale, or sold to customers under SSDM 's TS Mark and/or SSDM's CTS Mark.

25.     Advertising, marketing, and promotional expenditures in connection with SSDM's TS Mark and/or SSDM's CTS Mark.

26.     All persons involved in channels of distribution of the SSDM 's TS Mark and/or SSDM's CTS Mark.

27.     SSDM's profits and revenues from products and services sold in connection with SSDM 's TS Mark and/or SSDM's CTS Mark.

28.     The demographic characteristics of SSDM's targeted and actual customers.

29.     Any agreements, actual or contemplated, between SSDM and another person or entity involving SSDM's TS Mark and/or SSDM's CTS Mark.

30.     SSDM's alleged succession to the rights over SSDM's TS mark.

31.     SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

32.     All jurisdictions where the SSDM 's TS Mark is well-known other than  Venezuela.

33.     The status of any administration of estates or probate proceedings concerning Simon Diaz Marquez.

34.     Any endorsements or licenses by Simon Diaz Marquez of SSDM's TS mark in connection with products and services, including board games, songbooks, and coffee.

35.     The date of SSDM's first use of SSDM's TS mark in the U.S. and elsewhere.

36.     Surveys, studies, or other investigations conducted by or on behalf of SSDM that refer to or relate to SSDM's TS and CTS Marks.

37.     The commercial strength of SSDM's TS and CTS Marks.

38.     The retail sales prices of all products and services offered for sale, or to be offered for sale, in connection with SSDM's TS and CTS Marks.

39.     SSDM's communications with Defendants Miami Fine Foods, LLC ("MFF") and/or Avi Assor ("Assor").

40.     The date on which SSDM learned about MFF's use of the mark TIO SIMON.

41.     The timing for the commencement of this lawsuit.

42.     SSDM's non-privileged communications with third parties regarding this lawsuit.

43.     SSDM's alleged damages arising out of MFF's use of the mark TIO SIMON.

44.     SSDM's relationship with third-party Cafeteros 1730 group and/or Cafeteros 1730, C.A

45.     Diaz's relationship with third-party Cafeteros 1730 grou and/or Cafeteros 1730, C.A.

46.     SSDM's legal ability to commence this lawsuit under the laws of Venezuela.

47.     The facts and allegations contained in the Complaint.

48.     The facts and allegations contained in Diaz's Answer and Affirmative Defenses.

49.     The facts and allegations contained in MMF's and Assor's Affirmative Defenses and Counterclaim.

50.     SSDM's responses to MFF's discovery requests.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:23-CV-23933-FAM**

**SUCESIÓN SIMON DIAZ MARQUEZ**,

        Plaintiff/Counter-Defendant,

v.

**MIAMI FINE FOODS LLC**

        Defendants/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S NOTICE OF VIDEOTAPED**
**DEPOSITION OF COUNTER-DEFENDANT BETTSYMAR DIAZ**

TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(a)(1) and the applicable

Local Rules for the Southern District of Florida, Miami Fine Foods, LLC, by and through its attorneys,

command Counter-Defendant Bettsymar Diaz to appear for her videotaped deposition at the date, time,

and place indicated below.

| | |
|---|---|
| **Date:** | **April 10, 2024** |
| **Time:** | **10:00 A.M (EST)** |
| **Place:** | **Diaz, Reus & Targ, LLP**<br>**100 SE 2nd Street, Suite 3400**<br>**Miami, Florida 33131** |

The oral examination will continue from day to day until completed.  The deposition is being

taken for the purpose of discovery, and or use at trial, or both of the foregoing, or for such other purposes

as are permitted under the applicable and governing rules.

PLEASE ADVISE IF A FOREIGN LANGUAGE INTERPRETER IS NEEDED.

DATE: March 5, 2024.          **DIAZ REUS & TARG, LLP**

                                      100 Southeast Second Street, Suite 3400

Miami, Florida 33131
Telephone (305) 375-9220

By: /s/  Javier Coronado
Javier Coronado Diaz (Florida Bar No. 558442)
Email: jcoronado@diazreus.com
Zhen Pan (Florida Bar No. 123637)
Email: zpan@diazreus.com

**FRIEDLAND VINING, P.A.**

9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com

*Attorneys for Defendants/Counter-Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:23-CV-23933-FAM**

**SUCESIÓN SIMON DIAZ MARQUEZ**,

      Plaintiff/Counter-Defendant,

v.

**MIAMI FINE FOODS LLC**

      Defendants/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S NOTICE OF VIDEOTAPED**
**DEPOSITION OF SIMÓN HUMBERTO DÍAZ GARCÍA**

TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(a)(1) and the applicable

Local Rules for the Southern District of Florida, Miami Fine Foods, LLC, by and through its attorneys,

command Simón Humberto Díaz García to appear for his videotaped deposition at the date, time, and

place indicated below.

      **Date:**        **April 11, 2024**

      **Time:**        **10:00 A.M (EST)**

      **Place:**        **Diaz, Reus & Targ, LLP**
                     **100 SE 2nd Street, Suite 3400**
                     **Miami, Florida 33131**

The oral examination will continue from day to day until completed.  The deposition is being

taken for the purpose of discovery, and or use at trial, or both of the foregoing, or for such other purposes

as are permitted under the applicable and governing rules.

PLEASE ADVISE IF A FOREIGN LANGUAGE INTERPRETER IS NEEDED.

DATE: March 4, 2024.          **DIAZ REUS & TARG, LLP**

                             100 Southeast Second Street, Suite 3400

Miami, Florida 33131
Telephone (305) 375-9220

By: /s/  Javier Coronado
Javier Coronado Diaz (Florida Bar No. 558442)
Email: jcoronado@diazreus.com
Zhen Pan (Florida Bar No. 123637)
Email: zpan@diazreus.com

**FRIEDLAND VINING, P.A.**

9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com

*Attorneys for Defendants/Counter-Plaintiff*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              Corporate Representative of Simon Diaz Foundation INC
3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP | Date and Time: |
|---|---|
| 100 SE 2nd Street, Suite 3400 Miami, FL 33131 | 04/04/2024 10:00 am |

The deposition will be recorded by this method:   Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
Documents due date: March 22, 2024
Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/04/2024

CLERK OF COURT

OR

_____          /s/ Javier D. Coronado Diaz
*Signature of Clerk or Deputy Clerk*            _____
                                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Miami Fine Foods and Avi Assor
_____, who issues or requests this subpoena, are:

Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "You," and "your" mean and refer to Simon Diaz Foundation INC, a Florida Not For Profit Corporation, as well as your representatives, employees, accountants, and/or all persons acting or purporting to act on your behalf.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Cafeteros" means and refers to Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

7.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

8.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda,

correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations, charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes, maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit, purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs, outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and telegraphic communications, mechanical or otherwise.

9.       "Documents" also refers to copies of documents, if the originals are not in your possession, custody, or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

10.       "Communication" means and includes any contact, oral or written, formal or informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

11.       "And" and "or" shall be construed disjunctively as well as conjunctively.  "All" means "any and all."  "Each" or "every" means "each and every."  The words "include" and "including" are illustrative, not limiting.

12.       You are requested to produce all documents that are in your possession, custody or control, including documents in the possession, custody and control of your agents. In producing

the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Schedule "A" or (b) as they are regularly maintained in the course of business.

13.    Where the same document is responsive to more than one of the categories below, it need be produced only once.

14.    If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

15.    "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

   a.    custodian computers, server-based and archival e-mail, and file server home directories;

   b.    other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

   c.    shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;

     d.     business transactional applications, databases, reporting systems, data warehouses and data marts;

     e.     repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

     f.     ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

16.     The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate. The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

17.     Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## REQUESTED ITEMS

1.     Any and all documents reflecting your formation.

2.     Any and all documents reflecting your business purpose.

3.     Any and all documents reflecting your owners, including any documents reflecting your ultimate beneficiary owner(s).

4.     Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

5.     Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

6.     Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

7.      Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

8.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

9.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

10.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

11.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

12.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "TIO SIMON."

13.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

14.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

15.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

16.      Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to trademarks that include the words "TIO SIMON."

17.      Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to trademarks that include the words "CAFÉ TIO SIMON."

18.     Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to goods or services identified with marks that include the words "TIO SIMON."

19.     Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

20.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to trademarks that include the words "TIO SIMON."

21.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to trademarks that include the words "CAFÉ TIO SIMON."

22.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to goods or services identified with marks that include the words "TIO SIMON."

23.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

24.     Any and all documents and communications concerning MFF, Avi Assor, SSDM, and/or Cafeteros.

25.     Any and all documents concerning trademarks that include the words "TIO SIMON."

26.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

27.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

28.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."

29.     Any and all documents concerning SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

## DEPOSITION TOPICS

1.     The Requested Items and the process you followed for searching, securing, and producing those items.

2.     Your formation, business purpose, and owners.

3.     Your relationship with SSDM.

4.     The representative's relationship with SSDM.

5.     Your relationship with Bettsymar Diaz

6.     The representative's relationship with Bettsymar Diaz.

7.     The representative's education and work experience.

8.     The process for selecting your corporate representative.

9.     The representative's deposition preparation.

10.    Your relationship with Simon Diaz Marquez.

11.    Your relationship with Cafeteros.

12.    Your relationship with Castor Gonzalez Escobar.

13.    Your relationship with Nicolas Rossini Martin.

14.    Your knowledge about trademarks that include the words "TIO SIMON," including the use given to these trademarks by MFF and/or SSDM.

15.     Your knowledge about goods or services identified with trademarks that include the words "TIO SIMON."

16.     Your knowledge about trademarks that include the words "CAFÉ TIO SIMON," including the use given to these trademarks by SSDM and/or Cafeteros.

17.     Your knowledge about goods or services identified with trademarks that include the words "CAFÉ TIO SIMON."

18.     SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

19.     Your knowledge about this lawsuit.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Corporate Representative of Simon Diaz Foundation INC
3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP<br>100 SE 2nd Street, Suite 3400<br>Miami, FL 33131 | Date and Time:<br><br>04/04/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:     Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
Documents due date: March 22, 2024
Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/04/2024

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Javier D. Coronado Diaz |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Miami Fine Foods and Avi Assor
, who issues or requests this subpoena, are:
Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "You," and "your" mean and refer to Foro Autoral Latam LLC, a Florida limited liability company, as well as your representatives, employees, accountants, and/or all persons acting or purporting to act on your behalf.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Cafeteros" means and refers to Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

7.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

8.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda,

correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations, charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes, maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit, purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs, outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and telegraphic communications, mechanical or otherwise.

9.      "Documents" also refers to copies of documents, if the originals are not in your possession, custody, or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

10.      "Communication" means and includes any contact, oral or written, formal or informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

11.      "And" and "or" shall be construed disjunctively as well as conjunctively.  "All" means "any and all."  "Each" or "every" means "each and every."  The words "include" and "including" are illustrative, not limiting.

12.      You are requested to produce all documents that are in your possession, custody or control, including documents in the possession, custody and control of your agents. In producing

the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Schedule "A" or (b) as they are regularly maintained in the course of business.

13.     Where the same document is responsive to more than one of the categories below, it need be produced only once.

14.     If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

15.     "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

      a.      custodian computers, server-based and archival e-mail, and file server home directories;

      b.      other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

      c.      shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;

      d.      business transactional applications, databases, reporting systems, data warehouses and data marts;

      e.      repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

      f.      ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

16.      The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate.  The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

17.      Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## **REQUESTED ITEMS**

1.      Any and all documents reflecting your formation.

2.      Any and all documents reflecting your business purpose.

3.      Any and all documents reflecting your owners, including any documents reflecting your ultimate beneficiary owner(s).

4.      Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

5.      Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

6.      Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

7.       Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

8.       Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

9.       Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

10.       Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

11.       Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

12.       Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "TIO SIMON."

13.       Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

14.       Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

15.       Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

16.       Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to trademarks that include the words "TIO SIMON."

17.       Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to trademarks that include the words "CAFÉ TIO SIMON."

18.     Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to goods or services identified with marks that include the words "TIO SIMON."

19.     Any contracts or other agreements between you and Castor Gonzalez Escobar, or companies in which he has an interest, related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

20.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to trademarks that include the words "TIO SIMON."

21.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to trademarks that include the words "CAFÉ TIO SIMON."

22.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to goods or services identified with marks that include the words "TIO SIMON."

23.     Any contracts or other agreements between you and Nicolas Rossini Martin, or companies in which he has an interest, related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

24.     Any and all documents and communications concerning MFF, Avi Assor, SSDM, and/or Cafeteros.

25.     Any and all documents concerning trademarks that include the words "TIO SIMON."

26.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

27.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

28.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."

29.     Any and all documents concerning SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

## DEPOSITION TOPICS

1.     The Requested Items and the process you followed for searching, securing, and producing those items.

2.     Your formation, business purpose, and owners.

3.     Your relationship with SSDM.

4.     The representative's relationship with SSDM.

5.     Your relationship with Bettsymar Diaz

6.     The representative's relationship with Bettsymar Diaz.

7.     The representative's education and work experience.

8.     The process for selecting your corporate representative.

9.     The representative's deposition preparation.

10.    Your relationship with Simon Diaz Marquez.

11.    Your relationship with Cafeteros.

12.    Your relationship with Castor Gonzalez Escobar.

13.    Your relationship with Nicolas Rossini Martin.

14.    Your knowledge about trademarks that include the words "TIO SIMON," including the use given to these trademarks by MFF and/or SSDM.

15.   Your knowledge about goods or services identified with trademarks that include the words "TIO SIMON."

16.   Your knowledge about trademarks that include the words "CAFÉ TIO SIMON," including the use given to these trademarks by SSDM and/or Cafeteros.

17.   Your knowledge about goods or services identified with trademarks that include the words "CAFÉ TIO SIMON."

18.   SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

19.   Your knowledge about this lawsuit.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    Case No.: 1:23-CV-23933-FAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                     Corporate Representative of Simon Diaz Foundation INC
3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP | Date and Time: |
|---|---|
| 100 SE 2nd Street, Suite 3400 | |
| Miami, FL 33131 | 04/04/2024 10:00 am |

The deposition will be recorded by this method:    Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
Documents due date: March 22, 2024
Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/04/2024

CLERK OF COURT

OR

_____          /s/ Javier D. Coronado Diaz
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Miami Fine Foods and Avi Assor
_____ , who issues or requests this subpoena, are:
Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    Case No.: 1:23-CV-23933-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

     ❐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

     I declare under penalty of perjury that this information is true.

Date: _____

                         _____
                                      *Server's signature*

                         _____
                                      *Printed name and title*

                         _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      "You," and "your" mean and refer to you, Claudia Urdaneta.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Cafeteros" means and refers to Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

7.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

8.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda, correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations,

charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes, maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit, purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs, outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and telegraphic communications, mechanical or otherwise.

9.      "Documents" also refers to copies of documents, if the originals are not in your possession, custody, or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

10.      "Communication" means and includes any contact, oral or written, formal or informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

11.      "And" and "or" shall be construed disjunctively as well as conjunctively.  "All" means "any and all."  "Each" or "every" means "each and every."  The words "include" and "including" are illustrative, not limiting.

12.      You are requested to produce all documents that are in your possession, custody or control, including documents in the possession, custody and control of your agents. In producing the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Schedule "A" or (b) as they are regularly maintained in the course of business.

13.     Where the same document is responsive to more than one of the categories below, it need be produced only once.

14.     If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

15.     "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

a.      custodian computers, server-based and archival e-mail, and file server home directories;

b.      other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

c.      shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;

d.       business transactional applications, databases, reporting systems, data warehouses and data marts;

  e.  repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

  f.  ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

16.  The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate.  The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

17.  Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## **REQUESTED ITEMS**

1.  Any contracts, agreements, or other documents reflecting your relationship with Bettsymar Diaz or her companies.

2.  Any contracts, agreements, or other documents reflecting your relationship with SSDM.

3.  Any contracts, agreements, or other documents reflecting your relationship with Cafeteros.

4.  Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

5.  Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

6.  Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

7.      Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

8.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

9.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

10.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

11.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

12.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "TIO SIMON."

13.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

14.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

15.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

16.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

17.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "TIO SIMON."

18.     Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

19.     Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

20.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

21.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "TIO SIMON."

22.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

23.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

24.     Any and all documents and communications concerning MFF, Avi Assor, SSDM, and/or Cafeteros.

25.     Any and all documents concerning trademarks that include the words "TIO SIMON."

26.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

27.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

28.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Corporate Representative of Simon Diaz Foundation INC
3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP<br>100 SE 2nd Street, Suite 3400<br>Miami, FL 33131 | Date and Time:<br><br>04/04/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:     Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
Documents due date: March 22, 2024
Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/04/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Javier D. Coronado Diaz<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Miami Fine Foods and Avi Assor
_____ , who issues or requests this subpoena, are:
Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "You," and "your" mean and refer to you,  Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as your representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

5.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

6.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

7.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda, correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations, charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes,

maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit,

purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs,

outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic

sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank

statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations,

budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and

telegraphic communications, mechanical or otherwise.

8.     "Documents" also refers to copies of documents, if the originals are not in your

possession, custody, or control; every copy of a document which contains handwritten or other

notations or which otherwise does not duplicate the original or any other copy; and all attachments

to any documents.

9.     "Communication" means and includes any contact, oral or written, formal or

informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any

nature was transmitted or transferred.

10.    "And" and "or" shall be construed disjunctively as well as conjunctively.  "All"

means "any and all."  "Each" or "every" means "each and every."  The words "include" and

"including" are illustrative, not limiting.

11.    You are requested to produce all documents that are in your possession, custody or

control, including documents in the possession, custody and control of your agents. In producing

the documents, you are to (a) organize and label them to correspond to the numbered paragraph in

this Schedule "A" or (b) as they are regularly maintained in the course of business.

12.    Where the same document is responsive to more than one of the categories below,

it need be produced only once.

13.     If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

14.     "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

> a.     custodian computers, server-based and archival e-mail, and file server home directories;
>
> b.     other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;
>
> c.     shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;
>
> d.      business transactional applications, databases, reporting systems, data warehouses and data marts;

e.  repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

f.  ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

15.  The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate.  The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16.  Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## REQUESTED ITEMS

1.  Any contracts, agreements, or other documents reflecting your relationship with Bettsymar Diaz or her companies.

2.  Any contracts, agreements, or other documents reflecting your relationship with SSDM.

3.  Any contracts, agreements, or other documents reflecting your relationship with Castor Gonzalez Escobar.

4.  Any contracts, agreements, or other documents reflecting your relationship with Nicolas Rossini Martin.

5.  Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

6.  Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

7.      Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

8.      Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

9.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

10.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

11.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

12.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

13.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

14.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "TIO SIMON."

15.      Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

16.      Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

17.      Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

18.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "TIO SIMON."

19.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

20.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

21.     Any and all documents and communications concerning MFF, Avi Assor, and/or SSDM.

22.     Any and all documents concerning trademarks that include the words "TIO SIMON."

23.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

24.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

25.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."

**DEPOSITION TOPICS**

1.     The Requested Items and the process you followed for searching, securing, and producing those items.

2.     Your formation, business purpose, and owners.

3.     Your relationship with SSDM.

4.     The representative's relationship with SSDM.

5.     Your relationship with Bettsymar Diaz

6.     The representative's relationship with Bettsymar Diaz.

7.    The representative's education and work experience.

8.    The process for selecting your corporate representative.

9.    The representative's deposition preparation.

10.   Your relationship with Simon Diaz Marquez.

11.   Your relationship with Castor Gonzalez Escobar.

12.   Your relationship with Nicolas Rossini Martin.

13.   Your knowledge about trademarks that include the words "TIO SIMON," including the use given to these trademarks by MFF and/or SSDM.

14.   Your knowledge about goods or services identified with trademarks that include the words "TIO SIMON."

15.   Your knowledge about trademarks that include the words "CAFÉ TIO SIMON," including the use given to these trademarks by SSDM and/or Cafeteros.

16.   Your knowledge about goods or services identified with trademarks that include the words "CAFÉ TIO SIMON."

17.   SSDM's alleged succession to Simon Diaz Marquez's publicity rights, including name, image, and likeness.

18.   Your knowledge about this lawsuit.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    Case No.: 1:23-CV-23933-FAM |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Corporate Representative of Simon Diaz Foundation INC
3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP<br>100 SE 2nd Street, Suite 3400<br>Miami, FL 33131 | Date and Time:<br><br>04/04/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:    Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
Documents due date: March 22, 2024
Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/04/2024

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Javier D. Coronado Diaz<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Miami Fine Foods and Avi Assor
_____ , who issues or requests this subpoena, are:
Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "You," and "your" mean and refer to you, Castor Gonzalez Escobar.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Cafeteros" means and refers to Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

7.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

8.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda, correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations,

charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes, maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit, purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs, outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and telegraphic communications, mechanical or otherwise.

9.      "Documents" also refers to copies of documents, if the originals are not in your possession, custody, or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

10.      "Communication" means and includes any contact, oral or written, formal or informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

11.      "And" and "or" shall be construed disjunctively as well as conjunctively.  "All" means "any and all."  "Each" or "every" means "each and every."  The words "include" and "including" are illustrative, not limiting.

12.      You are requested to produce all documents that are in your possession, custody or control, including documents in the possession, custody and control of your agents. In producing the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Schedule "A" or (b) as they are regularly maintained in the course of business.

13.     Where the same document is responsive to more than one of the categories below, it need be produced only once.

14.     If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

15.     "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

a.     custodian computers, server-based and archival e-mail, and file server home directories;

b.     other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

c.     shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;

d.      business transactional applications, databases, reporting systems, data warehouses and data marts;

     e.    repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

     f.    ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

16.    The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate.  The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

17.    Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## REQUESTED ITEMS

1.    Any contracts, agreements, or other documents reflecting your relationship with Cafeteros.

2.    Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

3.    Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

4.    Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

5.    Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

6.    Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

7.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

8.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

9.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

10.     Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "TIO SIMON."

11.     Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

12.     Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

13.     Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

14.     Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

15.     Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "TIO SIMON."

16.     Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

17.     Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

18.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

19.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "TIO SIMON."

20.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

21.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

22.     Any and all documents and communications concerning MFF, Avi Assor, SSDM, and/or Cafeteros.

23.     Any and all documents concerning trademarks that include the words "TIO SIMON."

24.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

25.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

26.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesion Simon Diaz Marquez | ) |
| *Plaintiff* | ) |
| v. | ) |
| MIAMI FINE FOODS, LLC and AVI ASSOR, | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   Case No.: 1:23-CV-23933-FAM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 Corporate Representative of Simon Diaz Foundation INC
            3921 N Meridian Ave, Apt A, Miami Beach, FL 33140; bettsimar.diaz@gmail.com

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Diaz, Reus & Targ, LLP<br>100 SE 2nd Street, Suite 3400<br>Miami, FL 33131 | Date and Time:<br>04/04/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:     Audio & Video Recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule "A" attached.
            Documents due date: March 22, 2024
            Send to: jcoronado@diazreus.com; piwu@diazreus.com; ahovispo@diazreus.com

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/04/2024

        *CLERK OF COURT*

                                    OR

_____              /s/ Javier D. Coronado Diaz
_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Miami Fine Foods
 and Avi Assor
_____, who issues or requests this subpoena, are:
Javier D. Coronado Diaz, 100 SE 2nd Street, Suite 3400, Miami, FL 33131 (305) 375-9220 jcoronado@diazreus.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _Case No.: 1:23-CV-23933-FAM_

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "You," and "your" mean and refer to you, Nicolas Rossini Martin.

2.      "MFF" means and refers to Miami Fine Foods, LLC, a Florida limited liability company, as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

3.      "SSDM" means and refers to Sucesión Simon Diaz Marquez, the estate of the late Simón Narciso Díaz Márquez, as well as its members and/or all persons acting or purporting to act on its behalf.

4.      "Cafeteros" means and refers to Cafeteros 1730, C.A, a Venezuelan entity also known as "Cafeteros 1730 group," as well as its representatives, employees, accountants, and/or all persons acting or purporting to act on its behalf.

5.      "Related to" or "relating to" means pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

6.      "Concerning" means relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

7.      "Reflecting" means embodying, representing, revealing, demonstrating, indicating, or showing.

8.      "Document" and/or "documents" mean and refer to all original writings and records of every type in your possession, control, or custody, including but not limited to, memoranda, correspondence, diaries, appointment books, telephone messages, calendars, notebooks, reports (including drafts and preliminary, intermediate and final reports), studies, comparison, tabulations,

charts, books, magazines, pamphlets, photographs, slides, films, motion pictures, videotapes, maps, bulletins, notes, log sheets, ledgers, journals, bank checks, money orders, letters of credit, purchase orders, invoices, transcripts, microfilm, computer data files, ESI (defined below), inputs, outputs, printouts, and all other computer generated materials, tapes, mechanical or electronic sound recordings, vouchers, receipts, financial statement and reports, accounting statements, bank statements, agreements, contracts, acknowledgments, schedules, price lists, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind and telephone and telegraphic communications, mechanical or otherwise.

9.    "Documents" also refers to copies of documents, if the originals are not in your possession, custody, or control; every copy of a document which contains handwritten or other notations or which otherwise does not duplicate the original or any other copy; and all attachments to any documents.

10.    "Communication" means and includes any contact, oral or written, formal or informal, dialogue, colloquy, discussion, conversation, or agreement whereby information of any nature was transmitted or transferred.

11.    "And" and "or" shall be construed disjunctively as well as conjunctively.  "All" means "any and all."  "Each" or "every" means "each and every."  The words "include" and "including" are illustrative, not limiting.

12.    You are requested to produce all documents that are in your possession, custody or control, including documents in the possession, custody and control of your agents. In producing the documents, you are to (a) organize and label them to correspond to the numbered paragraph in this Schedule "A" or (b) as they are regularly maintained in the course of business.

13.    Where the same document is responsive to more than one of the categories below, it need be produced only once.

14.    If you contend that you may partially or entirely withhold information because of a rule, privilege, immunity or other reason, for each piece of information partially or entirely withheld, provide the following details: (a) what the information pertains to; (b) the name and capacity of each person to whom such information has been communicated or otherwise disclosed; (c) the source of such information; (d) the identity of each document in which such communication was recorded or described in whole or in part; and (e) the claimed grounds for refusing to comply with the discovery request.

15.    "ESI" means electronically stored information, electronically stored data or electronic data and is to include all types of information, regardless of the storage media (e.g, hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it, including, without limitation:

     a.    custodian computers, server-based and archival e-mail, and file server home directories;

     b.    other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

     c.    shared data sources such as departmental and other shared file server directories, Sharepoint 'team sites,' Outlook Public folders, document and records management systems;

     d.     business transactional applications, databases, reporting systems, data warehouses and data marts;

e.    repositories of ESI retained for purposes of prior litigation or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

f.    ESI hosted, managed or stored by third-parties under agreement with or on behalf of you.

16.    The singular includes the plural; and the plural, the singular, except where circumstances make it inappropriate.  The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

17.    Unless otherwise noted, the relevant time period for these requested items is from September 1, 2016 to the date of the deposition.

## REQUESTED ITEMS

1.    Any contracts, agreements, or other documents reflecting your relationship with Cafeteros.

2.    Any contracts or other agreements between you and SSDM related to trademarks that include the words "TIO SIMON."

3.    Any contracts or other agreements between you and SSDM related to trademarks that include the words "CAFÉ TIO SIMON."

4.    Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "TIO SIMON."

5.    Any contracts or other agreements between you and SSDM related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

6.    Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "TIO SIMON."

7.      Any contracts or other agreements between you and Bettsymar Diaz related to trademarks that include the words "CAFÉ TIO SIMON."

8.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "TIO SIMON."

9.      Any contracts or other agreements between you and Bettsymar Diaz related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

10.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "TIO SIMON."

11.      Any contracts or other agreements between you and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

12.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

13.      Any contracts or other agreements between you and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

14.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

15.      Any contracts or other agreements between SSDM and Cafeteros related to trademarks that include the words "TIO SIMON."

16.      Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

17.      Any contracts or other agreements between SSDM and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

18.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "CAFÉ TIO SIMON."

19.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to trademarks that include the words "TIO SIMON."

20.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "CAFÉ TIO SIMON."

21.     Any contracts or other agreements between Bettsymar Diaz and Cafeteros related to goods or services identified with marks that include the words "TIO SIMON."

22.     Any and all documents and communications concerning MFF, Avi Assor, SSDM, and/or Cafeteros.

23.     Any and all documents concerning trademarks that include the words "TIO SIMON."

24.     Any and all documents concerning trademarks that include the words "CAFÉ TIO SIMON."

25.     Any and all documents concerning goods or services identified with marks that include the words "TIO SIMON."

26.     Any and all documents concerning goods or services identified with marks that include the words "CAFÉ TIO SIMON."