**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:23-CV-23933-FAM**

**SUCESIÓN SIMON DIAZ MARQUEZ
and BETTSYMAR DIAZ**,

Plaintiff/Counterclaim-Defendant,

v.

**MIAMI FINE FOODS, LLC and
AVI ASSOR**,

Defendants/Counterclaim-Plaintiff.

_____/

**MIAMI FINE FOODS LLC'S MOTION TO STRIKE
BETTSYMAR DIAZ'S AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant/Counter-Plaintiff Miami Fine Foods, LLC ("MFF") moves for an order striking Third-Party Defendant Bettsymar Diaz's ("Diaz") affirmative defenses [D.E. 30] at 4-5. In support, MFF states as follows:

**BACKGROUND**

1.  On October 13, 2023, Plaintiff/Counterclaim-Defendant Sucesión Simon Diaz Marquez ("SSDM") commenced this action against MFF and Defendant Avi Assor ("Assor") [D.E. 1]. SSDM is the estate of the late Simón Díaz Marquez, a Venezuelan singer. *Id.* at ¶ 7. MFF is a Florida company that sells Latin food products under the trademark "TIO SIMON." [D.E. 12] at ¶¶ 8-12. Assor is the President of MFF. *Id.* at ¶ 10.

2.  SSDM's complaint alleges that MFF and Assor have infringed SSDM's intellectual property rights in connection with MFF's use of the TIO SIMON mark in the

U.S. commerce.  *Id.* at 10-26.  Specifically, SSDM alleges that MFF and Assor are liable for "false suggestion of a connection, false association, deceptive and unfair trade practices, fraud, violations of the right of publicity, unfair competition, trademark infringement, and trademark dilution."  *Id.* at 1.

3.      On February 27, 2024 MFF and Assor filed their answers and affirmative defenses to the complaint [D.E. No. 12].  In the same pleading, MFF filed a counterclaim and third-party complaint against SSDM and Diaz for unfair competition and common law trademark infringement and unfair competition.  *Id.* at 14-26.  Diaz directs and controls the activities of SSDM from within Florida.  *Id.* at 15.

4.      MFF's counterclaim and third-party complaint arise out of SSDM's unauthorized use of marks identical or confusingly similar to MFF's TIO SIMON mark, as well as SSDM's intent to wrongfully trade on the goodwill associated with MFF's mark to the injury of MFF.  *Id.* at 22-24.

5.      MFF served Diaz with its third-party complaint on January 23, 2024. [ECF No. 25].

6.      On February 13, 2024, the parties agreed to a 14-day extension of time for Diaz to respond to the third-party complaint, up to and including February 27, 2024. [ECF No. 26].

7.      On February 27, 2024, Diaz responded to MMF's third-party complaint, and alleged the following affirmative defenses:

> 1. Defendant's Third Party Complaint fails to state a claim upon which relief can be granted.
> 2. Some or all of the relief sought by Defendant is barred because Defendant has failed to establish irreparable injury.
> 3. Defendant has failed to mitigate its purported damages, to the extent it suffered any.

4. Defendant is not the owner of the TIO SIMON mark, or variations thereof.

5. Defendant's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and bad faith, in that Defendant adopted an infringing TIO SIMON mark with the intent to misappropriate Plaintiff's goodwill.

[D.E. No. 30] at 4-5.

## ARGUMENT

### I.      The Legal Standard

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Company*, No. 09-21698-Civ, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010) (quoting *Wright v. Southland Corp*., 187 F.3d 1287 (11th Cir. 1999)).  Accordingly, "[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Id.*  (quoting *In re Rawson Food Service, Inc*., 846 F.2d 1343, 1349 (11th Cir. 1988)).  Further, pursuant to Federal Rule of Civil Procedure 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Notably, "[a]n affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations."  *Bynum v. Carnival Corp.,* No. 23-cv-23760-ALTMAN/Becerra, 2024 U.S. Dist. LEXIS 10694, at *6 (S.D. Fla. Jan. 22, 2024)

### II.      Diaz's First and Third Affirmative Defenses Should be Stricken Because they only Allege Defects in MFF's Pleading.

Diaz's first affirmative defense is that "Defendant's Third Party Complaint fails to state a claim upon which relief can be granted." [D.E. 30] at 4.  This allegation points out a defect in MFF's case against Diaz and thus, is not an affirmative defense.  *Grovenor,* 2010 WL 3212066, at *1.  "Courts in this District routinely strike 'failure to state a claim'

defenses labeled as 'affirmative defenses,' because they do not constitute valid affirmative defenses." *GPM Indus. v. United States Citizenship & Immigration Servs.*, No. 21-cv-24007-COOKE/DAMIAN, 2022 U.S. Dist. LEXIS 165910, at *6 (S.D. Fla. July 15, 2022) (citation omitted).

Similarly, Diaz's third affirmative defense, which is that Defendant has failed to mitigate its damages, only purports to point out a defect in Counter-Defendant's prima facie case.  For that reason, this Court should strike this affirmative defense.  *Grovenor,* 2010 U.S. Dist. LEXIS 91905, at *1.

**III.    Diaz's Second, Third, Fourth, and Fifth Affirmative Defenses Should be Stricken Because They are Conclusory Allegations that Lack Factual Support.**

Diaz's second affirmative defense is that "some or all of the relief sought by Defendant is barred because Defendant has failed to establish irreparable injury." [D.E. No. 30] at 5.  Her third affirmative defense is that "Defendant has failed to mitigate its purported damages, to the extent it suffered any." *Id.*  Her fourth affirmative defense is that "Defendant is not the owner of the TIO SIMON mark, or variations thereof." *Id.*  And her fifth affirmative defense is that "Defendant's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, and bad faith, in that Defendant adopted an infringing TIO SIMON mark with the intent to misappropriate Plaintiff's goodwill." *Id.*

Courts in this district strike affirmative defenses that do not have "any supporting facts [because they are] too conclusory to suffice under Rule 8." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-Civ, 2019 U.S. Dist. LEXIS 99428, at *20 (S.D. Fla. June 13, 2019).  "An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM/Valle, 2017 U.S. Dist. LEXIS 193365, at *3 (S.D. Fla. Nov. 22,

2017).  That is the case here.  None of Diaz's affirmative defenses include supporting facts. [D.E. No. 30] at 4-5.

Additionally, Diaz's second affirmative defense fails to indicate which relief sought by MFF fails to establish irreparable injury.  [D.E. No. 30] at 5. "Courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation or legal basis of a complaint." *Cano v. South Florida Donuts, Inc.,* 2010 U.S. Dist. LEXIS 8386, Aat *1 (S.D. Fla. Jan. 21, 2010).

## **CONCLUSION**

Based on the foregoing, MFF requests that this Court strike all of Diaz's affirmative defenses, and any further relief that this Court deems appropriate.

## **CERTIFICATE OF CONFERRAL**

I hereby certify that, pursuant to S.D. FLA. L.R. 7.1.A.3, between February 29, 2024 and March 2, 2024, the undersigned conferred via email with Michael Barer and Ben Natter, former counsel for Third-Party Defendant Bettsymar Diaz, who stated that Third-Party Defendant Bettsymar Diaz did not agree or concede to the relief sought herein.


DATE: March 15, 2024.                    **DIAZ REUS & TARG, LLP**

100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone (305) 375-9220

By: /s/  Javier Coronado
Javier Coronado Diaz
Florida Bar No. 558442
Email: jcoronado@diazreus.com
Zhen Pan
Florida Bar No. 123637
Email: zpan@diazreus.com
Prince-Alex Iwu
Florida Bar No. 1044670

Email: piwu@diazreus.com

**FRIEDLAND VINING, P.A.**

9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com

*Attorneys for Defendants/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024 I caused a true and correct copy of the foregoing Motion to be electronically filed with the Clerk of Court, and emailed and mailed to Sucesión Simon Diaz Marquez and Bettsymar Diaz using the following information:

3921 N. Meridian Ave., Apt. A
Miami Beach, FL 33140
c/o Ms. Bettsimar Diaz
bettsimar.diaz@gmail.com

By: /s/  Javier Coronado
        Javier Coronado Diaz