IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-CV-23933-FAM

**SUCESIÓN SIMON DIAZ MARQUEZ
and BETTSYMAR DIAZ**,

Plaintiff/Counterclaim-Defendant,
v.

**MIAMI FINE FOODS, LLC and
AVI ASSOR**,

Defendants/Counterclaim-Plaintiff.
_____/

**MIAMI FINE FOODS, LLC'S MOTION TO COMPEL DISCOVERY
AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Pursuant to Federal Rule of Civil Procedure 37, Defendant/Counterclaim-Plaintiff Miami Fine Foods, LLC ("MFF") moves to compel Plaintiff/Counterclaim-Defendant Sucesión Simon Diaz Marquez ("SSDM") to produce documents that are responsive to MFF's First Set of Request for Production ("RFP"), to answer MFF's First Set of Interrogatories ("Interrogatories"), and to respond to MFF's First Set of Requests for Admission ("RFA").

**BACKGROUND**

On January 24, 2024, MFF propounded (i) 49 requests for production of documents, (ii) 22 interrogatories, and (iii) 20 requests for admission upon SSDM (collectively "Discovery Requests"). SSDM served its written responses on March 8, 2024, objecting to **all** of the Discovery Requests.

SSDM's objections are two-fold. First, SSDM objected on the grounds that it "cannot adequately respond to [MFF]'s discovery requests" given its counsel's forthcoming withdrawal and that MFF's "refusal [to extend SSDM's deadline to respond] is in direct contravention with

the local rules of the Court." A copy of SSDM's objections to MFF's (i) RFP, (ii) Interrogatories, and (iii) RFA is attached hereto as Exhibits A, B, and C, respectively. This objection became moot by way of this Court's order dated March 14, 2024, which directs SSDM to represent itself through Ms. Bettsimar Diaz and "comply with all deadlines" currently set in this action. Order Granting Plaintiff Counsel's Motion to Withdraw as Counsel [ECF No. 33].

In addition, SSDM objects to all MFF's discovery requests on the grounds that they are overly broad, unduly burdensome, not proportionate to the needs and that they seek documents that are irrelevant, confidential, or otherwise protected by attorney-client privilege and work product. *See generally* Exhibits A, B, C. By way of example, SSDM objects to MFF's third request for production as follows:

> Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as seeking documents that are not relevant.

Exhibit A, at 5-6. Similarly, SSDM makes the following objection to MFF's second interrogatory:

> Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of every single advertisement and promotion. Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

Exhibit B, at 5-6. The same or substantially similar objections are raised by SSDM in response to MFF's RFP and Interrogatories. *See generally* Exhibits A and B.

Finally, SSDM objects to each request for admission on the grounds that "it improperly requests the admission of a legal and/or factual issue in dispute in this case." Ex. C at 3-18.  SSDM advances that "requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute."  *Id.*  SSDM further objects to certain terms, such as "customers" (in the context of "you have not received emails from customers seeking to reach MFF") and "aware" (in the context of "you were aware of MFF's use of MFF's Mark in 2022"), in that they are vague and ambiguous because MFF did not define them.  *Id.*

In summary, in response to MFF's Discovery Requests, SSDM has not produced a single document, answered one interrogatory, or otherwise provided a single substantive response to MFF's requests for admissions.

Given the conclusory, boilerplate, and baseless objections, the undersigned attempted to resolve the issues without Court intervention.  On March 11, 2024, the undersigned reached out to Haug Partners LLP, then-counsel of SSDM, to confer about SSDM's deficient responses.  Before the scheduled conferral took place, the Court granted Haug Partners's motion to withdraw as SSDM's counsel.  The undersigned then attempted to confer with Ms. Bettsimar Diaz by contacting her via email on March 15, 2024, asking her to propose three time slots on or before March 20, 2024, to discuss the discovery issues by phone.  Without any response, the undersigned followed upon with Ms. Daiz on March 18, 2024.  To date, Ms. Diaz has not responded to undersigned's attempts to confer regarding the aforementioned discovery issues.

3

## ARGUMENT

### I. Legal Standard

"Rule 37 allows a party to file a motion to compel discovery, and it considers evasive or incomplete disclosures as a failure to disclose when ruling on a motion to compel." *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 370 (11th Cir. 2009) (citing FED. R. CIV. P. 37(a)(4)). "A court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories or requests for production." *Id.*

"In the Eleventh Circuit, objections to discovery must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'" *Adelman v. BSA*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (alteration in original) (quoting *Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)). "The party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive." *Id.* (alteration in original).

### II. SSDM's Conclusory, Boilerplate Objections to MFF's RFP and Interrogatories are Invalid.

SSDM's objections to MFF's RFP and Interrogatories are the classic conclusory, boilerplate objections which "judges in this district typically condemn . . . ." *Adelman v. BSA,* 276 F.R.D. 681, 689 (S.D. Fla. 2011). In *Azzia v. Royal Caribbean Cruises Ltd.*, this Court, applying the Eleventh Circuit's standards, held that the following objections were boilerplate and invalid:

> Defendant asserts that responding to the request would: (1) be unduly burdensome; (2) require disclosure of information protected by the work product privilege; (3) never lead to the discovery of admissible evidence; and (4) result in the disclosure of non-admissible evidence in the form of subsequent remedial measures.

No. 15-24776-CV, 2018 U.S. Dist. LEXIS 242128, at *5-6 (S.D. Fla. Feb. 12, 2018). The Court explained: "the generalized nature of the objections doom their efficacy, and we cannot rely on the

4

broad statements contained within those objections to sustain Defendant's opposition to producing information relevant to Plaintiffs' suit." *Id.*

The objections at issue are nearly identical to those found by this Court to be invalid in *Azzia*. Here, SSDM objects that MFF's Discovery Requests are overbroad, unduly burdensome, or otherwise seek irrelevant information. "As the party resisting discovery, [SSDM] has the burden to demonstrate specifically how the request is unreasonable or not relevant." *Adelman v. BSA*, 276 F.R.D. 681, 689 (S.D. Fla. 2011). SSDM did not explain why providing the information would unduly burden it or how MFF' requests are not relevant. "Thus, it is clear that the objections are merely boilerplate answers, which cannot be accepted as valid." *Azzia v. Royal Caribbean Cruises Ltd* No. 15-24776-CV, 2018 U.S. Dist. LEXIS 242128, at *5-6 (S.D. Fla. Feb. 12, 2018).

MFF's objections on the grounds of attorney-client privilege, work product, or trade secrets are equally insufficient. "The proponent of the privilege has the burden of proving its applicability." *Adelman v. BSA*, 276 F.R.D. 681, 689 (S.D. Fla. 2011). In this respect, Local Rule 26.1(e) of this Court requires that objections based on privilege or trade secrets "identify the nature of the privilege (including work product)," describe the documents being withheld and "the general nature of the alleged trade secret (without revealing the alleged trade secret) contained therein." Local Rule 26.1(e)(2) of the United States District Court for the Southern District of Florida. "Generalized objections asserting attorney-client privilege or the work product doctrine do not comply with the Local Rules." *SEC v. Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715, at *21 (S.D. Fla. Aug. 3, 2012) ("Parties must refrain from making vague, blanket objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege.'").

5

SSDM's "objections fail to indicate exactly *how* the request would require disclosure of information protected by the work product privilege." *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 U.S. Dist. LEXIS 242128, at *5 (S.D. Fla. Feb. 12, 2018) (emphasis in original).

"Boilerplate objections, such as those made by [SSDM], are inadequate, meaningless, and preserve nothing for the party making such objections." *SEC v. Merkin*, No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 108715, at *22 (S.D. Fla. Aug. 3, 2012) (citing *Adelman v. BSA,* 276 F.R.D. 681, 689 (S.D. Fla. 2011)).  This Court should overrule SSDM's boilerplate objections and order them to produce documents responsive to MFF's RFP and provide answers to MFF's Interrogatories.

### III.     SSDM's Objections to MFF's RFA are Improper.

As to MFF's RFA, SSDM objects on the grounds that "it improperly requests the admission of a legal and/or factual issue in dispute in this case" and that "requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute."  Ex. C at 3-18.  This constitutes a frivolous objection.

As a threshold matter, SSDM's argument that requests for admission may be used only when there is no real dispute as to the facts is belied by Rule 36, which clearly allows a request for admission of "facts, the application of law to fact, or opinions about either."  FED. R. CIV. P. 36(a)(1). All MFF's requests direct SSDM to admit certain and specific facts.  *See* Exhibit C, at 3-18.  As such, the requests are valid.

SSDM further objects to the term "customers" used by MFF for those requests asking SSDM to admit that SSDM has not received telephone calls and emails "from customers seeking to reach MFF." *Id.*  In a similar fashion, SSDM objects to the term "aware" for those requests asking SSMD to admit whether it was "aware of MFF's use of MFF's Mark" from 2016 to 2022.

6

*Id.* SSDM asserts that such terms are not defined by MFF which make the request "vague and ambiguous." *Id.*

Interestingly, SSDM used the same term "aware" in its interrogatories propounded upon MFF:

> **INTERROGATORY NO. 8:** Describe the date and circumstances of You first becoming *aware* of Plaintiff, the TIO SIMON Mark, and Tío Simón.
>
> **INTERROGATORY NO. 12:** Identify and describe each instance of which You are *aware* in which any person has been in any way confused, mistaken, or deceived as to the origin, sponsorship or affiliation of any goods or services sold, provided, or offered for sale under or in connection with the Infringing Mark and Plaintiff, Tío Simón, Tío Simón's estate, or the TIO SIMON Mark.

Plaintiff's First Set Interrogatories to Miami Fine Foods, LLC, at 7-8 attached hereto as Exhibit D. SSDM cannot now assert the term "aware" is vague because it used the same term in an identical fashion and context.

In addition, SSDM cannot advance any good faith argument to substantiate that the terms "aware" and "customer" are vague. SSDM "should not strain to interpret a request in an artificially restrictive manner to avoid disclosure." Florida Conference of Circuit Judges, et al., *2019 Florida Handbook on Civil Discovery Practice* (2019), at 62.

Therefore, this Court should compel SSDM to answer MFF's RFA.

**IV.  SSDM Should be Sanctioned.**

Under the Eleventh Circuit's view, "boilerplate objections may border on a frivolous response to discovery requests." *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009). Under Rule 37, sanctions for discovery violations include: "(1) the payment of reasonable expenses caused by the failure; (2) designating facts as established as the prevailing party claims; (3) prohibiting the disobedient party from opposing designated claims or introducing designated

7

matters into evidence; (4) striking the pleadings in whole or in part; (5) staying the proceeding until the order is obeyed; (6) dismissing the action or proceeding in whole or in part; and (7) rendering a default judgment against the disobedient party." *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 370 (11th Cir. 2009).

The boilerplate objections made by SSDM to all MFF's Discovery Request is vexatious and warrants sanctions here. As a result, MFF has incurred unnecessary attorneys' fees and costs in filing this Motion and SSDM should be ordered to pay.

## CONCLUSION

Based on the foregoing, MFF requests that this Court enter an order: (1) compelling SSDM to produce documents that are responsive to MFF's First Set of Request for Production, to answer MFF's First Set of Interrogatories, and to respond to MFF's First Set of Requests for Admission; (2) sanctioning SSDM by ordering to pay MFF the expenses and attorney's fees incurred as a result of SSDM's invalid boilerplate objections; and, (3) reserving the rights to impose additional sanctions under Rule 37 should SSDM fail to comply with (1) within 15 days; and (4) granting such other relief as the Court deems just and equitable.

## CERTIFICATE OF CONFERRAL

I hereby certify that, pursuant to S.D. FLA. L.R. 7.1.A.3, from March 11, 2024, to the present, the undersigned made multiple efforts to confer with SSDM to resolve the relief sought in this Motion. On March 11, 2024, the undersigned reached out to Haug Partners LLP, then-counsel of SSDM, to confer about SSDM's discovery responses. The Court granted Haug Partners's motion to withdraw as SSDM's counsel before the scheduled conferral took place. The undersigned then attempted to confer with Ms. Bettsimar Diaz by contacting her via email on March 15, 2024, asking her to propose three time slots on or before March 20, 2024, to discuss by

phone.  The undersigned followed upon again on March 18, 2024.  As of the date of filing of this Motion, undersigned has not received any return correspondence from Ms. Diaz.

DATE: March 20, 2024.

**DIAZ REUS & TARG, LLP**

100 Southeast Second Street, Suite 3400
Miami, Florida 33131
Telephone (305) 375-9220

By: /s/ *Zhen Pan*
Javier Coronado Diaz
Florida Bar No. 558442
Email: jcoronado@diazreus.com
Ishmael Green
Florida Bar No. 109100
Email: igreen@diazreus.com
Zhen Pan
Florida Bar No. 123637
Email: zpan@diazreus.com
Prince-Alex Iwu
Florida Bar No. 1044670
Email: piwu@diazreus.com


**FRIEDLAND VINING, P.A.**

9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1721 – telephone
(305) 456-4922 – facsimile

David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com

*Attorneys for Defendants/Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I caused a true and correct copy of the foregoing Motion to be electronically filed with the Clerk of Court, and emailed and mailed to Sucesión Simon Diaz Marquez and Bettsymar Diaz using the following information:

3921 N. Meridian Ave., Apt. A Miami Beach, FL 33140
c/o Ms. Bettsimar Diaz
bettsimar.diaz@gmail.com

By: /s/ *Zhen Pan*
    Zhen Pan