**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Sucesión Simon Diaz Marquez, | : |
| | : |
| *Plaintiff*, | : |
| | : |
| | :    Civil Action No. 1:23-cv-23933-FAM |
| v. | : |
| | : |
| Miami Fine Foods, LLC and Avi Assor, | : |
| | : |
| *Defendants*. | : |
| | : |

## SUCESIÓN SIMON DIAZ MARQUEZ'S RESPONSES AND OBJECTIONS TO MIAMI FINE FOODS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, Sucesión Simon Diaz Marquez ("Plaintiff") hereby responds and objects to Defendant Miami Fine Foods, LLC's ("Defendant") First Set of Requests for Production of Documents (the "Requests").

## COMMENTS AND GENERAL OBJECTIONS

1.     Plaintiff incorporates by reference its Responses and Objections to Miami Fine Foods, LLC's First Set of Interrogatories and First Set of Requests for Admission, served concurrently herewith.

2.     Plaintiff objects to the Requests, as well as the definitions of terms and instructions thereto, to the extent that Defendant seeks to impose an obligation greater than that imposed by the relevant Federal Rules of Civil Procedure or other applicable law. Responses will be provided to the extent required by the applicable rules.

3.     Plaintiff objects to the definition of "You", "Your", "Plaintiff", "Counter-Defendant", "Estate", and "Sucesión Simon Diaz Marquez" as encompassing entities or individuals other than the named Plaintiff, Sucesión Simon Diaz Marquez. To the extent any

response herein refers to "Plaintiff", "Counter-Defendant", "Estate", or "Sucesión Simon Diaz Marquez", that response should be construed as referring strictly to the named Plaintiff, Sucesión Simon Diaz Marquez.

4.      To the extent any response references "Plaintiff's Marks" that response should be construed as referring to the marks of Application Serial Nos. 97/296,359 and 97/568,611.

5.      Plaintiff objects to the definitions of "Document" and "Documents" to the extent that such definitions encompass materials (i) not in Plaintiff's possession, custody, or control, (ii) equally available to Defendant, (iii) or otherwise available to Defendant from a less burdensome or expensive source than Plaintiff. Plaintiff further objects to the definitions of "Document" and "Documents" to the extent that such definitions encompass documents and/or information subject to and protected by the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity.

6.      Plaintiff objects to the definition of "all documents" in that it is overly broad, unduly burdensome, and not proportionate to the needs of this case.

7.      Plaintiff objects to the Requests to the extent they seek documents that are not within Plaintiff's possession, custody, or control. To the extent Plaintiff agrees to produce documents, that response should be construed to mean that Plaintiff will produce responsive, non-privileged, properly discoverable documents that are in its possession, custody, or control, which are located after a reasonable search of locations where they are expected to be kept in the ordinary course of business. In the event that privileged, immune, or protected documents that are responsive to these Requests are identified, they will be withheld pursuant to Fed. R. Civ. P. 26(b).

8.      Any inadvertent disclosure of privileged, immune, or otherwise protected documents or information will not constitute a waiver of the privilege, immunity, or protection.

9.      By offering to produce a document or by producing a document, Plaintiff does not admit that the document is relevant or admissible at a hearing or trial, *e.g.*, as authentic or as coming within an exception to the hearsay rule.

10.      Plaintiff reserves the right to supplement, amend, or modify its responses in accordance with Fed. R. Civ. P. 26(e), as it obtains additional information and uncovers additional documents.

Subject to these Comments and General Objections, and subject to the specific objections made below, Plaintiff responds as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents referring to or relating to any United States trademark or service mark application or registration filed and/or prosecuted by or on behalf of the Estate which contains the Estate's TS Mark, the Estate's CTS Mark, and/or or any variation thereof, alone or in combination with other words or design elements, in any form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

## REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to any state trademark or service mark application filed and/or prosecuted by or on behalf of the Estate which contains the Estate's TS Mark, the Estate's CTS Mark, and/or any variation thereof, alone or in combination with other words or design elements, in any form.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

## REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to any foreign trademark or service mark application filed and/or prosecuted by or on behalf of the Estate which contains the Estate's TS Mark, the Estate's CTS Mark, and/or or any variation thereof, alone or in combination with other words or design elements, in any form.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as seeking documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 4:**

All documents which relate to past, present and future business plans with respect to the adoption, selection, registration and use of the Estate's TS Mark and/or the Estate's CTS Mark, including all notes, memoranda, minutes of meetings, and correspondence referring or relating to such adoption or selection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as seeking documents that are not relevant in that it seeks documents related to future business plans.

## REQUEST FOR PRODUCTION NO. 5:

Representative samples of all promotional materials or items utilized, or under consideration to be utilized, in the advertising and promotion of the Estate's TS Mark and/or the Estate's CTS Mark, including without limitation direct mail literature, magazine advertisements, newspaper advertisements, radio or television advertisements or scripts, audio or video tapes, press releases, press kits, and/or internet or e-mail advertisements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation,

professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks samples of "all promotional materials" ever utilized or considered. Plaintiff objects to this request as seeking documents that are not relevant to the extent that it seeks samples of promotional materials never used. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

## REQUEST FOR PRODUCTION NO. 6:

All documents evidencing the Estate's actual or projected advertising expenditures, advertising budgets, and financial statements related to any good and/or service advertised, promoted, marketed, offered for sale, sold, or otherwise provided by the Estate for which the Estate made any use or intends to make any use of the Estate's TS Mark and/or the Estate's CTS Mark.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request as seeking documents that are not relevant to the extent that it seeks documents evidencing projected advertising expenditures, advertising budgets, and financial statements. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify all of the Estate's past and present employees and any other persons who were involved in or contributed to the creation, selection, consideration and/or evaluation of the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this request as seeking documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 8:**

Representative samples of all containers, tags, labels, packaging, and point of sale displays which include the Estate's TS Mark and/or the Estate's CTS Mark, and samples evidencing each and every manner in which the Estate's TS Mark and/or the Estate's CTS Mark has been displayed or will be displayed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all containers, tags, labels, packaging, and point of sale displays" and "each and every manner" in which Plaintiff's Marks have been displayed. Plaintiff objects to this request as seeking documents that are not relevant to the extent that it seeks documents related to future plans. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

**REQUEST FOR PRODUCTION NO. 9:**

Representative samples of all signs, brochures, handbills, stationery, business cards, and decals used by or intended to be used by the Estate in connection with the Estate's TS Mark and/or the Estate's CTS Mark, and samples evidencing each and every manner in which the Estate's TS Mark and/or the Estate's CTS Mark has been displayed or will be displayed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks samples of "all signs, brochures, handbills, stationery, business cards, and decals" and "each and every manner" in which Plaintiff's Marks have been displayed. Plaintiff objects to this request as seeking documents that are not relevant in that it seeks documents related to future plans. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements, policies, contracts, and all other documents evidencing any agreements which relate to the acquisition, use, promotion, licensing, assignment and/or concerning the Estate's TS Mark and/or the Estate's CTS Mark, including any modification of such agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all agreements, policies, contracts, and all other documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as seeking documents that are not relevant. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 11:**

All documents referring or relating to the Estate's examination, analysis, opinion, tests, inquiries and consideration of the Estate's TS Mark and/or the Estate's CTS Mark prior to adoption of the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 12:**

All documents regarding, referring or relating to, or containing any results of, any survey, poll, search, investigation, or other study undertaken by, or on behalf of, the Estate in connection

with the Estate's TS Mark and/or the Estate's CTS Mark, MFF's Mark, and/or damage to the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 13:**

All documents referring or relating to the conception, design, development, and selection of the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel

have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to the Estate's consideration of alternative terms, names and symbols other than or in place of the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation,

professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as seeking documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 15:**

All documents regarding any investigation, trademark search, clearance, or evaluation concerning the Estate's TS Mark and/or the Estate's CTS Mark, conducted by, or on behalf of, the Estate, prior to and/or after adopting the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 16:**

All documents regarding any investigation, trademark search, clearance, or evaluation concerning MFF and/or MFF's Mark conducted by, or on behalf of, the Estate, prior to and/or after adopting the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client

privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify each type of service or product that the Estate intends to or already has advertised, distributed, offered for sale, or sold to customers under the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as seeking documents that are not relevant in that it seeks documents related to future plans. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 18:**

All documents which relate or refer to any of the Estate's uses or intended uses of the Estate's TS Mark and/or the Estate's CTS Mark in connection with any of its goods or services, including but not limited to, marketing reports, internal memoranda, promotional materials and outside communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as seeking documents that are not relevant in that it seeks documents related to future plans. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as duplicative of RFP No. 17.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to the Estate's marketing strategy or promotional strategy involving the use of the Estate's TS Mark and/or the Estate's CTS Mark, and the Estate's business plan for any products or services using the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request as seeking documents that are not relevant. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret.

**REQUEST FOR PRODUCTION NO. 20:**

All agreements, actual or contemplated, between the Estate and another person or entity, involving the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all agreements, actual or contemplated." Plaintiff objects to this request as seeking documents that are not relevant. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 21:**

All documents which refer or relate to MFF, apart from the pleadings and correspondence exchanged by the parties in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal.

Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request as seeking documents that are not relevant to the extent they are not limited to the subject matter of this lawsuit. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 22:**

All documents identified in your responses to Defendant's First Set of Interrogatories or referred to or relied upon in the course of the Estate's preparation of responses to the First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal

is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege.

### REQUEST FOR PRODUCTION NO. 23:

All documents and things supporting or refuting your answers to Defendant's First Request for Admissions, as well as all documents and things referred to or relied upon in the course of your preparation of responses to the First Request for Admissions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege.

**REQUEST FOR PRODUCTION NO. 24:**

All documents upon which you rely to support your allegation in Paragraph 1 of the Complaint that "Simon Diaz Marquez (performing under the stage name "Tio Simon"), is the most famous artist in the popular folk musical history of Venezuela[.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request

as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 25:**

All documents upon which you rely to support your allegation in Paragraph 2 of the Complaint that "Tio Simon has become a global icon for Venezuelan culture and music."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents

that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 26:**

All documents upon which you rely to support your allegation in Paragraph 4 of the Complaint that "Tio Simon passed away in 2014 but continues to be a source of enthusiasm and inspiration throughout the world and the United States, especially in the State of Florida where there is a large Venezuelan community."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents

that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 27:**

All documents upon which you rely to support your allegation in Paragraph 5 of the Complaint that "The TIO SIMON mark is now owned by Tio Simon's estate, Plaintiff, Sucesion Simon Diaz Marquez."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 28:**

All documents upon which you rely to support your allegation in Paragraph 20 of the Complaint that "Tio Simon has also endorsed and/or licensed the TIO SIMON mark in connection with a number of products and services, including board games, song books and coffee."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 29:**

All documents upon which you rely to support your allegation in Paragraph 27 of the Complaint that "Plaintiffs the successor to the rights of publicity and persona of Tio Sim6n and the TIO SIMON mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 30:**

All documents upon which you rely to support your allegation in Paragraph 34 of the Complaint that "Defendants were well aware of Tio Simon, and Miami Fine Foods intentionally filed Application Serial No. 97/030,729 in an attempt to falsely suggest a connection to the public between itself and Tio Simon."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are

protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

## REQUEST FOR PRODUCTION NO. 31:

All documents upon which you rely to support your allegation in Paragraph 37 of the Complaint that "Plaintiff's TIO SIMON mark was famous well before Defendants' first use of the Infringing Mark."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are

protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 32:**

All documents upon which you rely to support your allegation in Paragraph 38 of the Complaint that "Defendants intentionally filed Application Serial No. 97/030,729 as a part of a scheme to illicitly benefit from the reputation and goodwill of Tio Simon, his estate, and Plaintiff's TIO SIMON mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential

or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 33:**

All documents upon which you rely to support your allegation in Paragraph 39 of the Complaint that "the Infringing Mark is identical in appearance, sound, connotation, and commercial impression to the name Tio Simon and Plaintiff's TIO SIMON mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential

or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 34:**

All documents upon which you rely to support your allegation in Paragraph 40 of the Complaint that "Defendants are further taking actions that are deliberately aimed at passing off its goods as those of Plaintiff by misrepresenting that Tio Simon and his estate are the source of, or otherwise endorsing, Defendants' goods."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all

documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 35:**

All documents upon which you rely to support your allegation in Paragraph 53 of the Complaint that "consumers of traditional Venezuelan food are likely to mistakenly believe that the Infringing Mark is associated or authorized by Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all

documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 36:**

All documents upon which you rely to support your allegation in Paragraph 56 of the Complaint that "Tio Simon himself also endorsed a variety of goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents

that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 37:**

All documents upon which you rely to support your allegation in Paragraph 91 of the Complaint that "Defendants were well aware that they are not the owner of the TIO SIMON Mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are

protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**<u>REQUEST FOR PRODUCTION NO. 38:</u>**

All documents upon which you rely to support your allegation in Paragraph 93 of the Complaint that "a digital archive of the world wide web, reveals no use of the Infringing Mark in connection with Bakery desserts, bollitos, and pandebono."

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38:</u>**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are

protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 39:**

All documents upon which you rely to support your allegation in Paragraph 110 of the Complaint that "Defendants' unauthorized use of the Infringing Mark to promote its goods and services violates Tio Simon's right of publicity, which rights were passed to Plaintiff upon his death."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential

or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 40:**

All documents upon which you rely to support your allegation in Paragraph 110 of the Complaint that "Defendants' unauthorized use of the Infringing Mark to promote its goods and services violates Tio Simon's right of publicity, which rights were passed to Plaintiff upon his death."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as duplicative of RFP No. 39. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including already in Defendant's possession or control. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the

needs of this case to the extent that it seeks "all documents." Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as premature as discovery is ongoing.

## REQUEST FOR PRODUCTION NO. 41:

Documents, other than the Estate's First Application, adequate to establish the date of first use and the date of first use in U.S. commerce of Estate's TS Mark in connection with each of the goods and services identified in the Estate's First Application, and documents reflecting the actual mark as displayed in connection with such services at the time of first use and as of the date of this request.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

**REQUEST FOR PRODUCTION NO. 42:**

Documents, other than the Estate's Second Application, adequate to establish the date of first use and the date of first use in U.S. commerce of Estate's CTS Mark in connection with each of the goods and services identified in the Estate's Second Application, and documents reflecting the actual mark as displayed in connection with such services at the time of first use and as of the date of this request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

**REQUEST FOR PRODUCTION NO. 43:**

Documents reflecting gross sales, gross profits and revenues related or derived from the goods and services advertised, promoted, marketed, offered for sale, sold, or otherwise provided by the Estate in the U.S. for which the Estate made any use of the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this request to the extent that it seeks documents in a format not kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 44:**

All non-privileged documents and things sufficient to identify any litigation to which the Estate has been a party which has involved any question of any party's intellectual property rights, or of any action in tort or contract involving any party's reputation or economic rights, including,

but not limited to, any claims relating to mark infringement, rights of publicity, misappropriation, invasion of privacy, false light, false advertising, fraud, defamation, slander, libel, tortious interference with business relations, and tortious interference with prospective business opportunities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all non-privileged documents." Plaintiff objects to this request as seeking documents that are not relevant. Plaintiff objects to this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

## REQUEST FOR PRODUCTION NO. 45:

All documents and things sufficient to identify each person whom the Estate intends to call as a witness at any hearing in this action or at trial, as well as all documents and things concerning

each such person's expected testimony, and all documents and things upon which each person will rely in support of such testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents and things." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as premature in that discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things sufficient to identify each expert witness that the Estate intends to call as a witness at any hearing in this action or at trial, as well as all documents and things concerning each such expert's expected testimony, and all documents and things upon which each expert will rely in support of such testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents and things." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as premature in that discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things that the Estate anticipates using as demonstrative exhibits for any purpose in this action, regardless of whether the Estate anticipates introducing the demonstrative exhibits into evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel

have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents and things." Plaintiff objects to this request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request as premature in that discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 48:**

The Estate's current price list for each good and service offered under the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of

this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request to the extent the requested documents are confidential or trade secret. Plaintiff objects to this request to the extent that it seeks documents in a format not kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things referring or relating to any presence or participation by the Estate on social media websites (such as Facebook, Twitter, and LinkedIn) that display the Estate's TS Mark and/or the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks "all documents and things." Plaintiff objects to

this request to the extent that it calls for documents that are at least equally available to Defendant, including through public sources.

Dated: West Palm Beach, FL
      March 8, 2024

By: <u>*/Ben Natter/*</u>
    Ben Natter
    Fla. Bar No. 1050054
    HAUG PARTNERS LLP
    777 South Flagler Drive
    Suite 1000, East Tower
    West Palm Beach, FL 33401
    Tel: (561) 489-4600
    bnatter@haugpartners.com

    Michael Barer (Admitted *Pro Hac Vice*)
    HAUG PARTNERS LLP
    745 Fifth Avenue
    New York, New York 10151
    Tel:  (212) 588-0800
    mbarer@haugpartners.com

    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of March, 2024, I caused a true and correct copy of the

foregoing **Sucesión Simon Diaz Marquez's Responses and Objections to Miami Fine Foods,**

**LLC's First Set of Requests for Production of Documents** to be served via e-mail upon

Defendants' counsel of record at the following email addresses.

> Javier Dario Coronado Diaz
> Prince-Alex Oluebube Iwu
> Zhen Pan
> DIAZ, REUS, TARG, LLP
> 100 S.E. 2nd Street
> Suite 3400
> Miami, FL 33131
> (305) 372-9220
> Email: jcoronado@diazreus.com
>        piwu@diazreus.com
>        zpan@diazreus.com
>
> Jaime Rich Vining
> FRIEDLAND VINING, P.A.
> 9100 S. Dadeland Blvd.
> Suite 1620
> Miami, FL 33156
> (305) 777-1721
> Email: jaime.vining@friedlandvining.com

_____/Clarissa Toth/_____
Clarissa Toth
