**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| Sucesión Simon Diaz Marquez, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| | : | Civil Action No. 1:23-cv-23933-FAM |
| v. | : | |
| | : | |
| Miami Fine Foods, LLC and Avi Assor, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

**SUCESIÓN SIMON DIAZ MARQUEZ'S RESPONSES AND OBJECTIONS**
**TO MIAMI FINE FOODS, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Sucesión Simon Diaz Marquez ("Plaintiff") hereby responds and objects to Defendant Miami Fine Foods, LLC's ("Defendant") First Set of Interrogatories.

**COMMENTS AND GENERAL OBJECTIONS**

1.      Plaintiff incorporates by reference its Responses and Objections to Miami Fine Foods, LLC's First Set of Requests for Production of Documents and First Set of Requests for Admission, served concurrently herewith.

2.      Plaintiff objects to the Interrogatories to the extent that they contain multiple discrete subparts. To the extent that an Interrogatory contains multiple discrete subparts, each subpart shall be counted separately and shall count towards the total number of Interrogatories authorized to be served pursuant to Fed. R. Civ. P. 33(a)(1).

3.      Plaintiff objects to the Interrogatories, as well as the definitions of terms and instructions thereto, to the extent that Defendant seeks to impose an obligation greater than that

imposed by the relevant Federal Rules of Civil Procedure or other applicable law. Responses will be provided to the extent required by the applicable rules.

4.      Plaintiff objects to the definition of "You", "Your", "Plaintiff", "Counter-Defendant", "Estate", and "Sucesión Simon Diaz Marquez" as encompassing entities or individuals other than the named Plaintiff, Sucesión Simon Diaz Marquez. To the extent any response herein refers to "You", "Your", "Plaintiff", "Counter-Defendant", "Estate", or "Sucesión Simon Diaz Marquez", that response should be construed as referring strictly to the named Plaintiff, Sucesión Simon Diaz Marquez.

5.      To the extent any response references "Plaintiff's Marks" that response should be construed as referring to the marks of Application Serial Nos. 97/296,359 and 97/568,611.

6.      Plaintiff objects to the definitions of "Document" and "Documents" to the extent that such definitions encompass materials (i) not in Plaintiff's possession, custody, or control, (ii) equally available to Defendant, (iii) or otherwise available to Defendant from a less burdensome or expensive source than Plaintiff. Plaintiff further objects to the definitions of "Document" and "Documents" to the extent that such definitions encompass documents and/or information subject to and protected by the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity.

7.      Plaintiff objects to the definition of "all documents" in that it is overly broad, unduly burdensome, and not proportionate to the needs of this case.

8.      Plaintiff objects to the definition at paragraph (R)(9) in that "a complete citation of all reported and unreported decisions resulting from the litigation or proceeding" is vague and ambiguous such that Plaintiff cannot ascertain what is being requested. Further, this definition is overbroad and seeks information that is not proportionate to the needs of this case.

9.     Plaintiff objects to the definition at paragraph (R)(10) to the extent that it seeks information that is confidential or otherwise protected by the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity.

10.     Plaintiff objects to the definition at paragraph (S)(4) to the extent that Defendant seeks information regarding future plans for use of a mark, which is not relevant and protected as a trade secret and/or confidential.

11.     Plaintiff objects to the definition at paragraph (CC) in that the proposed time period, 2012 to the present, is overly broad, unduly burdensome, and not proportionate to the needs of this case.

12.     To the extent Plaintiff responds to any of the Interrogatories by offering to produce documents, that response should be construed to mean that Plaintiff will produce responsive, non-privileged, properly discoverable documents if they are found to exist after a reasonable search of locations where they are expected to be kept in the ordinary course of business, from which the answer to the Interrogatory may be determined by examination, audit, compilation, abstraction, or summary, the burden of which will be substantially the same for either party.

13.     Any inadvertent disclosure of privileged, immune, or otherwise protected documents or information will not constitute a waiver of the privilege, immunity, or protection.

14.     By offering to produce a document or by producing a document, Plaintiff does not admit that the document is relevant or admissible at a hearing or trial, *e.g.*, as authentic or as coming within an exception to the hearsay rule.

15.     Plaintiff reserves the right to supplement, amend, or modify its responses in accordance with Fed. R. Civ. P. 26(e), as it obtains additional information and uncovers additional documents.

Subject to these Comments and General Objections, and subject to the specific objections made below, Plaintiff responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1:

With respect to the Estate's TS Mark and the Estate's CTS Mark, (a) identify the person(s) most knowledgeable with respect to the adoption, use, projected use, or registration of the marks, (b) identify the date of first use in commerce of the marks with respect to each of the goods and services identified by the Estate in the Estate's First Application and the Estate's Second Application, and (c) state in detail each and every product or service identified by the Estate's TS Mark and the Estate's CTS Mark.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this interrogatory to the extent that it

seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 2:**

Identify each geographic area and location in the United States in which the Estate, or others under the authority of the Estate, have advertised or promoted (or intends to advertise or promote) the products and/or services identified in response to Interrogatory No. 1, including the date of the advertisement, the name of the advertising agency responsible for the placement of such advertisement, the name of the publication(s) in which any print advertisements appeared, the name of the radio or television station(s) in which a broadcast advertisement was broadcast, and all documents relating to all such advertising or promotion. With regard to internet websites, identify the address or the "URL" of each website, describe what is offered on the site and when each item was first offered at the site, and describe in detail whether items as advertised can be purchased from the website or whether only information is offered at the website.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which

state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of every single advertisement and promotion. Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 3:**

State the annual dollar amount expended by the Estate or by others under the authority of or at the direction of the Estate, for all advertising and promotion identified in the Estate's response to Interrogatory No. 2, from the date of first use of the Estate's TS Mark and/or the Estate's CTS Mark to the present in the U.S.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to

respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 4:**

Identify each person who possesses knowledge of the facts surrounding the selection, adoption and use of the Estate's TS Mark and the Estate's CTS Mark in the U.S., state in detail the knowledge each such person possesses, identify all documents related to the selection, adoption, and use of these marks, and state in detail all reasons for the selection of these marks as opposed to any other mark.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which

state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of "each person" with any knowledge, no matter the amount, and seeks identification of "all documents" related to the selection, adoption, and use of the marks and "all reasons" for the selection. Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 5:**

State Opposer's annual gross revenue, since the date of first use identified in response to Interrogatory No. 1(b), for each product or service identified by the Estate's TS Mark and/or the Estate's CTS Mark in the U.S., and identify each person with knowledge of the facts set forth in response to this Interrogatory and state the specific knowledge that each person possesses.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to

Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 6:**

Describe in detail your use, intended use, or anticipated use of the Estate's TS Mark and the Estate's CTS Mark in commerce in the United States and the circumstances surrounding first use of such marks in connection with each of the goods and services identified in response to Interrogatory No. 1(c).

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which

state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of the circumstances surrounding first use of Plaintiff's Marks in connection with each and every one of Plaintiff's goods and services. Plaintiff objects to this interrogatory in that the requested information is not relevant in that it seeks information related to planned future use. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 7:**

Identify each person who prepared, assisted in the preparation of, provided information, who was consulted, or whose documents or files were consulted for the answers to the foregoing and following interrogatories, stating each Interrogatory that each such individual prepared, assisted in the preparation of, provided information for, who was consulted for, or whose documents or files were consulted for the answer thereto.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and

counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

## INTERROGATORY NO. 8:

Identify each non-party witness from whom you intend to seek testimony (by affidavit, declaration, or deposition) in connection with this proceeding and, for each, the specific topics on which the witness will testify and if the witness is an expert, the substance of the facts relied upon and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to

Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory as premature in that discovery is ongoing. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 9:**

State whether the Estate has licensed or intends to license the use of the Estate's TS Mark and/or the Estate's CTS Mark to any person and/or entity and identify each such person and/or entity and state the licensed goods or services.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times

by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case. Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege.

**INTERROGATORY NO. 10:**

For each product and service that the Estate sells, offers for sale or intends to offer for sale in connection with the Estate's TS Mark and/or the Estate's CTS Mark, as identified in response to Interrogatory No. 1(c), identify the retail price.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that

counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory in that the requested information is not relevant to the extent that it seeks future plans. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential.

**INTERROGATORY NO. 11:**

Identify all persons with knowledge with regard to any claim or defense asserted by the Estate in connection with this proceeding and for each person so identified state the nature of such knowledge.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of "all persons"

with any knowledge, no matter the amount. Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory as premature in that discovery is ongoing.

**INTERROGATORY NO. 12:**

Identify all assignments, franchise agreements, settlement agreements, distribution agreements, and other agreements that relate to the use and/or acquisition of the Estate's TS Mark and/or the Estate's CTS Mark by the Estate.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks identification of "*all* assignments, franchise agreements, settlement agreements, distribution agreements, and other agreements". Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff

objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

**INTERROGATORY NO. 13:**

Identify the date and describe the circumstances when you first learned about MFF and MFF's Mark.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential.

**INTERROGATORY NO. 14:**

Identify all facts that support your allegation in Paragraph 5 of the Complaint that "The TIO SIMON mark is now owned by Tio Simon's estate, Plaintiff, Sucesion Simon Diaz Marquez."

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome as seeking information that is impossible to obtain after a reasonable search, to the extent that it seeks identification of "all facts". Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as premature as discovery is ongoing.

**INTERROGATORY NO. 15:**

Identify all facts that support your allegation in Paragraph 20 of the Complaint that "Tio Simon has also endorsed and/or licensed the TIO SIMON mark in connection with a number of products and services, including board games, song books and coffee."

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome as seeking information that is impossible to obtain after a reasonable search, to the extent that it seeks identification of "all facts". Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as premature as discovery is ongoing.

**INTERROGATORY NO. 16:**

Identify all facts that support your allegation in Paragraph 27 of the Complaint that "Plaintiffs the successor to the rights of publicity and persona of Tio Sim6n and the TIO SIMON mark."

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome as seeking information that is impossible to obtain after a reasonable search, to the extent that it seeks identification of "all facts". Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as premature as discovery is ongoing.

**INTERROGATORY NO. 17:**

Identify all facts that support your allegation in Paragraph 37 of the Complaint that "Plaintiff's TIO SIMON mark was famous well before Defendants' first use of the Infringing Mark."

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome as seeking information that is impossible to obtain after a reasonable search, to the extent that it seeks identification of "all facts". Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory as premature as discovery is ongoing.

**INTERROGATORY NO. 18:**

Identify all facts that support your allegation in Paragraph 40 of the Complaint that "Defendants are further taking actions that are deliberately aimed at passing off its goods as those of Plaintiff by misrepresenting that Tio Simon and his estate are the source of, or otherwise endorsing, Defendants' goods."

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility...it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome as seeking information that is impossible to obtain after a reasonable search, to the extent that it seeks identification of "all facts". Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through

public sources. Plaintiff objects to this interrogatory to the extent that it seeks information already in Defendant's possession or control. Plaintiff objects to this interrogatory as premature as discovery is ongoing.

**INTERROGATORY NO. 19:**

For each request denied as part of your responses to Defendant's First Request for Admissions, identify the factual basis for your response.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory to the extent that it seeks information already in Defendant's possession or control.

**INTERROGATORY NO. 20:**

With respect to the Estate, state whether the decedent Simon Diaz Marquez's estate has been probated and if so, provide: (i) the court and file number; and (ii) the name of the individual appointed as Personal Representative.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources.

**INTERROGATORY NO. 21:**

Explains whether the decedent Simon Diaz Marquez ever legally changed his name during his lifetime and if so, state when, where and through what procedure.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources.

**INTERROGATORY NO. 22:**

Detail each occurrence in which any individual or entity has opposed or otherwise contested the Estate's use and/or registration of the TS Mark and/or the CTS Mark. For each occurrence, identify the parties involved, the date, the forum where the challenge, objection, or opposition was raised, the resolution of the issue, and the individuals with knowledge of the facts.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this interrogatory in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's

withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this interrogatory in that the requested information is not relevant. Plaintiff objects to this interrogatory in that it calls for information that is at least equally available to Defendant, including through public sources. Plaintiff objects to this interrogatory to the extent that it seeks information that is a trade secret or confidential. Plaintiff objects to this interrogatory as containing multiple discrete subparts, each of which shall count against the total number of interrogatories allotted under Fed. R. Civ. P. 33.

Dated: West Palm Beach, FL
  March 8, 2024

By: /Ben Natter/
  Ben Natter
  Fla. Bar No. 1050054
  HAUG PARTNERS LLP
  777 South Flagler Drive
  Suite 1000, East Tower
  West Palm Beach, FL 33401
  Tel: (561) 489-4600
  bnatter@haugpartners.com

  Michael Barer (Admitted *Pro Hac Vice*)
  HAUG PARTNERS LLP
  745 Fifth Avenue
  New York, New York 10151
  Tel:  (212) 588-0800
  mbarer@haugpartners.com

  *Attorneys for Plaintiff*

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of March, 2024, I caused a true and correct copy of the

foregoing **Sucesión Simon Diaz Marquez's Responses and Objections to Miami Fine Foods,**

**LLC's First Set of Interrogatories** to be served via e-mail upon Defendants' counsel of record

at the following email addresses.

      Javier Dario Coronado Diaz
      Prince-Alex Oluebube Iwu
      Zhen Pan
      DIAZ, REUS, TARG, LLP
      100 S.E. 2nd Street
      Suite 3400
      Miami, FL 33131
      (305) 372-9220
      Email: jcoronado@diazreus.com
           piwu@diazreus.com
           zpan@diazreus.com

      Jaime Rich Vining
      FRIEDLAND VINING, P.A.
      9100 S. Dadeland Blvd.
      Suite 1620
      Miami, FL 33156
      (305) 777-1721
      Email: jaime.vining@friedlandvining.com

                              _____*/Clarissa Toth/*_____
                                    Clarissa Toth