IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesión Simon Diaz Marquez, | : : : |
| *Plaintiff*, | : : Civil Action No. 1:23-cv-23933-FAM |
| v. | : : |
| Miami Fine Foods, LLC and Avi Assor, | : : |
| *Defendants*. | : : |

**SUCESIÓN SIMON DIAZ MARQUEZ'S RESPONSES AND OBJECTIONS TO MIAMI FINE FOODS, LLC'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff, Sucesión Simon Diaz Marquez ("Plaintiff") hereby responds and objects to Defendant Miami Fine Foods, LLC's ("Defendant") First Set of Requests for Admission (the "Requests").

**COMMENTS AND GENERAL OBJECTIONS**

1. Plaintiff incorporates by reference its Responses and Objections to Miami Fine Foods, LLC's First Set of Interrogatories and First Set of Requests for Production of Documents, served concurrently herewith.

2. Plaintiff objects to the Requests, as well as the definitions of terms and instructions thereto, to the extent that Defendant seeks to impose an obligation greater than that imposed by the relevant Federal Rules of Civil Procedure or other applicable law. Responses will be provided to the extent required by the applicable rules.

3. Plaintiff objects to the definition of "You", "Your", "Plaintiff", "Counter-Defendant", "Estate", and "Sucesión Simon Diaz Marquez" as encompassing entities or individuals other than the named Plaintiff, Sucesión Simon Diaz Marquez. To the extent any

response herein refers to "You", "Your", "Plaintiff", "Counter-Defendant", "Estate", or "Sucesión Simon Diaz Marquez", that response should be construed as referring strictly to the named Plaintiff, Sucesión Simon Diaz Marquez.

4. Plaintiff reserves the right to supplement, amend, or modify its responses in accordance with Fed. R. Civ. P. 26(e), as it obtains additional information and uncovers additional documents.

Subject to these Comments and General Objections, and subject to the specific objections made below, Plaintiff responds as follows:

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that MFF's Mark identifies the source or origin of MFF's goods.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Estate did not offer any of the goods and services identified in the Estate's First Application in the United States under the Estate's TS Mark prior to 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel

3

have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Estate did not offer any of the goods and services identified in the Estate's Second Application in the United States under the Estate's CTS Mark prior to 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to

4

accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you have not received telephone calls from customers seeking to reach MFF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as Plaintiff does not know who Defendant's customers are and the term "customers" is undefined.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you have not received telephone calls from MFF's customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as Plaintiff does not know who Defendant's customers are and the term "customers" is undefined.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have not received emails from customers seeking to reach MFF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel

have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as Plaintiff does not know who Defendant's customers are and the term "customers" is undefined.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have not received emails from MFF's customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation,

professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as Plaintiff does not know who Defendant's customers are and the term "customers" is undefined.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you did not conduct a trademark availability search in the United States to determine the availability of the Estate's TS Mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous as the terms "trademark availability search" and "availability" are undefined.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you did not conduct a trademark availability search in the United States to determine the availability of the Estate's CTS Mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple

9

facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product immunity, or other applicable privilege. Plaintiff objects to this request as vague and ambiguous as the terms "trademark availability search" and "availability" are undefined.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you were aware of MFF's use of MFF's Mark prior to your adoption of the Estate's TS Mark in the United States in connection with the goods and services identified in the First Application.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple

facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "adoption" is undefined.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you were aware of MFF's use of MFF's Mark prior to your adoption of the Estate's CTS Mark in the United States in connection with the goods and services identified in the Second Application.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "adoption" is undefined.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you began using the Estate's TS Mark in the United States with respect to the goods and services identified in the First Application after MFF began using the MFF Mark in commerce.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you began using the Estate's CTS Mark in the United States with respect to the goods and services identified in the Second Application after MFF began using the MFF Mark in commerce.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you were aware of MFF's use of MFF's Mark in 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of

this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you were aware of MFF's use of MFF's Mark in 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple

facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you were aware of MFF's use of MFF's Mark in 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you were aware of MFF's use of MFF's Mark in 2019.

15

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you were aware of MFF's use of MFF's Mark in 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal

is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you were aware of MFF's use of MFF's Mark in 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you were aware of MFF's use of MFF's Mark in 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff objects to this request in that Plaintiff's counsel filed a motion in the instant action to withdraw as counsel (ECF No. 32) (the "Motion"). As noted in the Motion, Plaintiff and counsel have irreconcilable differences than cannot be resolved which necessitate counsel's withdrawal. Accordingly, Defendant knows that Plaintiff cannot adequately respond to Defendant's discovery requests at this time, but has refused to extend Plaintiff's deadline to respond. Defendant's refusal is in direct contravention with the local rules of the Court, which state "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility…it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla. L.R. at Introductory Statement.

Plaintiff objects to this request in that it improperly requests the admission of a legal and/or factual issue in dispute in this case. Requests for admission may be used only to establish simple facts already known by the requesting party for which there is no real dispute. Plaintiff objects to this request as vague and ambiguous as the term "aware" is undefined.

Dated: West Palm Beach, FL
March 8, 2024

By:   /Ben Natter/
Ben Natter
Fla. Bar No. 1050054
HAUG PARTNERS LLP
777 South Flagler Drive
Suite 1000, East Tower
West Palm Beach, FL 33401
Tel: (561) 489-4600
bnatter@haugpartners.com

Michael Barer (Admitted *Pro Hac Vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
mbarer@haugpartners.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2024, I caused a true and correct copy of the foregoing **Sucesión Simon Diaz Marquez's Responses and Objections to Miami Fine Foods, LLC's First Set of Requests for Admission** to be served via e-mail upon Defendants' counsel of record at the following email addresses.

    Javier Dario Coronado Diaz
    Prince-Alex Oluebube Iwu
    Zhen Pan
    DIAZ, REUS, TARG, LLP
    100 S.E. 2nd Street
    Suite 3400
    Miami, FL 33131
    (305) 372-9220
    Email: jcoronado@diazreus.com
           piwu@diazreus.com
           zpan@diazreus.com

    Jaime Rich Vining
    FRIEDLAND VINING, P.A.
    9100 S. Dadeland Blvd.
    Suite 1620
    Miami, FL 33156
    (305) 777-1721
    Email: jaime.vining@friedlandvining.com

                                                            */Clarissa Toth/*
                                                             Clarissa Toth