UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Sucesión Simon Diaz Marquez,<br><br>*Plaintiff*,<br><br>v.<br><br>Miami Fine Foods, LLC and Avi Assor,<br><br>*Defendants*. | Civil Action No. 1:23-cv-23933-FAM |

**PLAINTIFF'S FIRST SET INTERROGATORIES TO MIAMI FINE FOODS, LLC**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Sucesión Simon Diaz Marquez ("Plaintiff") requests that Defendant, Miami Fine Foods, LLC provide responses to this First Set of Interrogatories in writing and under oath, within thirty (30) days of service hereof, in accordance with the definitions and instructions provided below.

**DEFINITIONS**

The following terms, as used herein, have the following meanings:

1. "Miami Fine Foods" means the named Defendant, Miami Fine Foods, LLC, and/or any individual or corporate name under which it is doing or has done business, and its affiliates, employees, agents, and attorneys.

2. "Assor" means the named Defendant, Avi Assor.

3. "You" or "Your" means the named Defendant Miami Fine Foods, LLC, and/or any individual or corporate name under which either is doing or has done business, and their affiliates, employees, agents, and attorneys.

4. "Plaintiff" means the named Plaintiff, Sucesión Simon Diaz Marquez.

3440401.v1

5. "Tío Simón" means the famous Venezuelan musical artist, Simón Díaz Márquez.

6. "Person" or "Persons" includes, but is not limited to, any natural persons, companies, corporations, sole proprietorships, governmental entities, partnerships, associations, banks and other financial institutions, and all other entities similar to those listed above.

7. "Mark" means any word, name, symbol, design, shape, number, slogan, or device, or any combination thereof, that is used by a Person to identify and distinguish the Person's goods or services from the goods or services of others.

8. "TIO SIMON Mark" means TIO SIMON mark as used by Plaintiff and as associated with Tío Simón.

9. "Infringing Mark" refers to the mark of U.S. Application Serial No. 97/030,729 and Your use of TIO SIMON.

10. "Communication" refers to any oral or written transmittal and/or receipt of words or information, and specifically includes without limitation conversations in person, telephone conversations, notes, or memoranda of any conversations, faxes, electronic mail, letters, reports, or memoranda, formal statements and press releases and media publications.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

12. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

13. "Relate to," "relating to," "refer to," and "referring to" any given subject matter shall mean, without limitation, any document that, in whole or in part, constitutes, comprises,

contains, reflects, identifies, concerns, or is in any other way relevant to the particular subject matter identified.

14. "Describe" or "State" means to set forth in full facts concerning the subject matter, including without limitation, the identity of all persons or all Communications, Documents, and meetings concerning the subject matter.

15. The terms "Identify" or Identity":

   a. when used with respect to a person, means to state the person's full name, a present or former affiliation, if any, with You (including, but not limited to, the person's title(s), and the period of time each person held each title), and present or last-known: (i) home and business address; (ii) employer or business affiliation; (iii) job title; (iv) position or occupation; and (v) telephone or email address;

   b. when used with respect to a business, legal, or governmental entity or association, means to state: (i) its name; (ii) its place of incorporation or organization; (iii) its principal place of business; and (iv) the identity of all persons affiliated with the corporation who have knowledge of the matter with respect to which it is named in an interrogatory answer;

   c. when referring to a fact, means the fact and all documents, communications, and persons that support that fact;

   d. when referring to a product or thing, means the title and version name/number, any code or project name, or other name by which it has been referred, and a general description of the product or thing;

  e. when referring to a document, means to provide the (i) name of the document; (ii) general subject matter; (iii) date of the document; and (iv) name of the author(s), addressee(s) and recipient(s);

  f. when referring to a written communication, means to identify the document(s) in which the communication was made the date of that communication; and

  g. when referring to an oral communication, means to identify the persons participating in the communication and the date of that communication.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses.

17. The use of the singular form of any word includes the plural and vice versa.

18. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purposes of limitation.

## INSTRUCTIONS

19. In answering the following interrogatories, furnish all available information, including information in the possession, custody, or control of any of Your attorneys, agents, employees, representatives, associates, investigators or division affiliates, partnerships, and persons under Your control.

20. If You cannot fully respond to the following interrogatories after exercising due diligence to secure the information requested thereby, so state, and answer each such interrogatory to the fullest extent You deem possible, specific the portion of each interrogatory that You claim to be unable to answer fully, and completely state the facts upon which You rely to support Your contention that You are unable to answer the interrogatory fully and completely, and state what

Case 1:23-cv-23933-FAM   Document 36-4   Entered on FLSD Docket 03/20/2024   Page 5 of 10

knowledge, information or belief You have concerning the unanswered portion of each such interrogatory.

21. If You object to any portion or aspect of any interrogatory, provide all information responsive to the portion to which You do not object.

22. If You are producing documents in connection with these interrogatories, electronic records and computerized information must be produced in native form or as TIF single-page images with OCR, with all metadata. Any such information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the documents and information intelligible. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), any documents which are ordinarily maintained in Microsoft Excel or any other spreadsheet program must be produced in native format.

23. If Your response to a particular interrogatory is a statement that you lack the ability to understand a word or phrase in the interrogatory, please use the common and reasonable interpretation of the word or phrase and explain your interpretation of the word or phrase.

24. If You contend certain interrogatories require disclosure of trade secrets or other confidential research, development, or commercial information, please mark them as such or as required by any protective order that may be entered in this action.

25. Your obligation to respond to these interrogatories is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe all goods and services You offer or have offered in connection with the Infringing Mark in the United States, including as of the date of filing of Application Serial No. 97/030,729.

**INTERROGATORY NO. 2:**

Identify and describe all goods and services You offer or have offered in connection with the Infringing Mark in the United States, including as of September 1, 2016 (the date of first use claimed in the application for Application Serial No. 97/030,729).

**INTERROGATORY NO. 3:**

Describe how the Infringing Mark is used in the promotion of each of the goods of Application Serial No. 97/030,729 in the United States, including as of the date of filing of Application Serial No. 97/030,729.

**INTERROGATORY NO. 4:**

Describe any basis for Your claim that You used the Infringing Mark in commerce in the United States in connection with all the goods of Application Serial No. 97/030,729 as of the application filing date, including, without limitation, all legal theories and doctrines, all facts which support such contentions, and the identity of each Person(s) with knowledge of such facts.

**INTERROGATORY NO. 5:**

Describe in detail Your selection of the Infringing Mark, including, without limitation, the reason the Infringing Mark was selected to identify Your goods and services (*e.g*., the meaning and impression You sought to convey to consumers with the Infringing Mark), and the Person(s) involved in the selection and adoption of the Infringing Mark.

**INTERROGATORY NO. 6:**

Describe in detail the channels of trade and how You purportedly offer each of Your goods and services in connection with the Infringing Mark.

**INTERROGATORY NO. 7:**

Describe in detail the class and communities of consumers to which You have marketed, distributed, or sold each of Your goods and services in connection with the Infringing Mark.

**INTERROGATORY NO. 8:**

Describe the date and circumstances of You first becoming aware of Plaintiff, the TIO SIMON Mark, and Tío Simón.

**INTERROGATORY NO. 9:**

Describe in detail Your familiarity with Tío Simón, including but not limited to, his fame in the United States and within Venezuelan populations, his well-known image riding a donkey or horse with a traditional Venezuelan hat, and his influence as a famous Venezuelan music icon.

**INTERROGATORY NO. 10:**

Describe any basis for Your assertion that "Plaintiff does not have any protectable rights in the phrase 'TIO SIMON'" including, without limitation, all legal theories and doctrines, all facts which support such contentions, and the identity of each Person(s) with knowledge of such facts.

**INTERROGATORY NO. 11:**

Describe any basis for Your assertion that "Plaintiff lacks priority to the phrase 'TIO SIMON' in the United States" including, without limitation, all legal theories and doctrines, all facts which support such contentions, and the identity of each Person(s) with knowledge of such facts.

**INTERROGATORY NO. 12:**

Identify and describe each instance of which You are aware in which any person has been in any way confused, mistaken, or deceived as to the origin, sponsorship or affiliation of any goods or services sold, provided, or offered for sale under or in connection with the Infringing Mark and Plaintiff, Tío Simón, Tío Simón's estate, or the TIO SIMON Mark.

**INTERROGATORY NO. 13:**

Describe each instance in which any Person has challenged the Infringing Mark and/or Your right to use such mark (including, for each, the identity of the Person(s) or entities involved, the date on which the incident occurred, the manner or forum in which the challenge, objection, or question was raised, how the issue was resolved, and all Person(s) with knowledge of the incident).

**INTERROGATORY NO. 14:**

Identify all Person(s) whom You have authorized, licensed, or otherwise permitted to use the Infringing Mark in the United States. For each, provide the dates of such authorization and details regarding the terms of such agreement.

**INTERROGATORY NO. 15:**

Identify Your quarterly and annual sales, revenue, profit and expenses for Your goods and services offered in connection with the Infringing Mark, for each year since inception, in the United States.

**INTERROGATORY NO. 16:**

Describe any basis for Your assertions that one or more of Plaintiff's counts are barred by laches, estoppel, or acquiescence, including, without limitation, all legal theories and doctrines, all facts which support such contentions, and the identity of each Person(s) with knowledge of such facts.

**INTERROGATORY NO. 17:**

Identify each Person who prepared, who assisted in the preparation of, or who provided information for the answers to these Interrogatories, stating each interrogatory which each such individual prepared, assisted in the preparation of, or provided information for the answer.

Dated: West Palm Beach, FL
January 10, 2024

By: /s/Ben Natter/
Ben Natter
Fla. Bar No. 1050054
HAUG PARTNERS LLP
777 South Flagler Drive
Suite 1000, East Tower
West Palm Beach, FL 33401
Tel: (561) 489-4600
bnatter@haugpartners.com

Michael Barer (Admitted *Pro Hac Vice*)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
mbarer@haugpartners.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2024, I caused a true and correct copy of the foregoing **Plaintiff's First Set of Interrogatories to Miami Fine Foods, LLC** to be served via e-mail upon Defendants' counsel of record at the following email addresses.

Jaime Rich Vining
FRIEDLAND VINING, P.A.
9100 S. Dadeland Blvd.
Suite 1620
Miami, FL 33156
305-777-1721
Email: jaime.vining@friedlandvining.com; jrv@friedlandvining.com

　　　　　　　　　　　　　　　　　　　　　*/s/Michael Barer/*
　　　　　　　　　　　　　　　　　　　　　Michael Barer